Clinton Killian, SB 116501
THE LAW OFFICE OF CLINTON KILLIAN
Leamington Building
1814 Franklin Street, Suite 805
Oakland, CA 94612-3527
Telephone: (510) 625-8823
Facsimile: (510) 625-8829 clintonkillian@yahoo.com

Attorney for Defendant
CLINTON KILLIAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT HAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMOS C. BROWN, et al.,<br><br>Defendants. | Case No.:   C-07-2825 EDL<br><br>**NOTICE OF MOTION TO DISMISS**<br><br><br>**Date:**<br>**Time:**<br>**Dept.:** |

## I.  NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that Defendant CLINTON KILLIAN not having been properly served and appearing specially, and requests that the court dismiss this action it does not comply with Rule 8, Fed R. Civ. P.; because the court for lack of subject matter jurisdiction and it is subject to dismissal pursuant to Rule 12(b)(1); and because it fails to state a claim for relief as required by Rule 12(b)(6).  Defendant KILLIAN also further requests that the dismissal should be with prejudice.  The motion is based on this notice, the ensuing memorandum of points and authorities, the pleadings on file with the court, and such other evidence as may be submitted.

## II. RELIEF REQUESTED

Defendant KILLIAN requests that this court dismiss Plaintiffs' complaint against Defendant with prejudice.

## III. ISSUES PRESENTED

1. Whether the complaint complies with Fed. R. Civ. P. 8?

2. Whether Plaintiffs have failed to state a claim against Defendant KILLIAN upon which this court may grant relief.

## IV. MEMORANDUM OF POINTS AND AUTHORITIES

**A.     INTRODUCTION**

This is another lawsuit filed by "Plaintiff EDDIE WELBON" and his imaginary Plaintiffs. He has filed no fewer than 7 Federal lawsuits against virtually the same Defendants. **See *Patterson et al. v. Killian et al. USDC-Northern California Case No: C07-00951; Jefferson et al. v. Killian et al. USDC-Eastern California Case No: CV-00323; Jefferson et al v. Killian et al. USDC – Eastern Michigan Case No: CV-11468; Hill et al. v. Killian et al. USDC-Colorado Case No:CV-00511; Potts et al. v. Killian et al USDC-Eastern Oklahoma Case No: CV-11468.***

WELBON'S displeasure arises because he initiated a California State lawsuit against MT. ZION SPIRITUAL TEMPLE, INC. and lost. **See Welbon v. Mt. Zion; Alameda County Superior Court Case No: RG 05199540.** On February 7, 2007, the court issued a judgment against him specifically prohibiting him from using MT. ZION'S name or holding himself and his cronies out as members of MT. ZION. **See Exhibit 1.** In one of his previous Federal lawsuits in the Northern District of California, the court dismissed his claim without leave to amend. **See Patterson v. Killian; USDC – Northern CA Case No: C07-00951 CRB. See Exhibit 2.** As for one can determine, Plaintiff WELBON has filed his latest Federal lawsuit because his previous Federal lawsuits have been dismissed.

**B.      MEMORANDUM OF POINTS AND AUTHORITIES**

Under Rule 8(a), Fed. R. Civ. P., a complaint must make a short and plain statement of the grounds upon which the court's jurisdiction depends and a short and plain statement of the claim showing that the pleader is entitled to relief.  The pleading is also to be concise and direct. Rule 8(e), Fed. R. Civ. P.  Under the "notice pleading" standard embraced by Rule 8, a plaintiff satisfies the rule when he or she includes "sufficient allegations to put defendants fairly on notice of the claims against them".  *McKeever v. Block,* **932 F.2d 795, 798 (9**[th] **Cir. 1991).**  As noted by the Ninth Circuit, violation of Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)".  *McHenry v. Renne, 184 F.3d 1172, 1179 (9*[th] *Cir. 1996).*

Like the complaint in *McHenry,* Plaintiffs' complaint here leaves "defendants and this court literally guessing as to what facts support the legal claims being asserted against certain defendants". *Id. at 1177.*  Although they named Defendant KILLIAN in the caption, Plaintiffs fail to allege any facts that might support any claims for relief against Defendant KILLIAN or any defendant.  This court should dismiss Plaintiffs' action against Defendant KILLIAN for failure to comply with Rule 8. for the reasons set forth below, this dismissal should be with prejudice.

**C.      THE COURT LACKS JURISDICTION OVER THIS ACTION AND IT SHOULD BE DISMISSED WITH PREJUDICE.**

A motion to dismiss under Rule 12(b)(1), Fed. R. Civ. R., tests the subject matter jurisdiction of the court.  *See e.g. Savage v. Glendale Union High School*, **343, F.3d 1036, 1039-40 (9**[th] **Cir. 2003).**  A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.  *Id. At 1039n.2.*

A court lacks subject matter jurisdiction because this is solely a state action claim that has already been decided and is res judicata. Plaintiff has already lost these claims in a state action and is simply using the Federal courts in an attempt to harass the Defendants.

**D.    THE COMPLAINT FAILS TO STATE A FEDERAL CLAIM**

Having dismissed the government actor defendants for failure to state a claim, it becomes apparent that the complaint does not and cannot state a federal claim under section 1883. The only remaining defendants are non-governmental private actors. Private defendants cannot be liable under this civil rights statue unless they conspired or acted jointly with state actors to deprive the plaintiffs of their constitutional rights. *United Steel Workers of America v. Phelps Dodge Corp.,* **865, F.2d 1539, 1540 (9th Cir. 1989).** As is set forth above, the complaint does not adequately allege such a conspiracy; conclusory allegations of a conspiracy are insufficient. *Ivey v. Board of Regents of Univ. of Alaska,* **673, F.2d 266, 268 (9th Cir. 1982)** *("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); Stonecipher v. Bray,* **653 F.2d 398, 401 (9th Cir. 1981)** *("Section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law").*

The section 1981 and 1985(3) claims also fail as a matter of law. These statutes "address equal rights under tha law and are intended to protect citizens against racial discrimination". *Stonecipher,* **653 F.2d at 401.** Nowhere in their complaint do Plaintiffs allege that they are the victims of racial or other class-based invidiously discriminatory action. The purported claims pursuant to **42 U.S.C. Section 1982** fail for the same reason. *West Coast Theater Corp. v. City of Portland,* **897 F.2d 1519, 1527 (9th Cir. 1990)** *("Racial discrimination must be shown to state a colorable Section 1982 claim.").*

Accordingly, all of the federal claims must be dismissed. As leave to amend would be futile for the reasons explained above, the dismissal is with prejudice.

**E.    THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION**

Without the federal claims there is no basis for federal jurisdiction and the court declines to exercise supplemental jurisdiction of the remaining state law claims; instead, the state law claims will be dismissed without prejudice.

**F.    ROOKER-FELDMAN DOCTRINE**

Plaintiffs' complaint must be dismissed for a second reason: It is barred by the Rooker-Feldman doctrine.  The Rooker-Feldman doctrine generally bars federal district court "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.,* **359 F.3d 1136, 1139 (9th Cir. 2004).**  The Rooker-Feldman doctrine.  The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* **544 U.S. 280, 284 (2005).**

**G.    CONCLUSION**

For the reasons set forth above, Plaintiffs' case against Defendant CLINTON KILLIAN should be dismissed with prejudice.

RESPECTFULLY SUBMITTED.

Dated: _____        _____/S/_____
                               CLINTON KILLIAN, Defendant

**Hand, et al. v. Killian, et al.**
**U.S. District Court Northern District of CA San Francisco Division**

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ALAMEDA:

I hereby certify that I am employed in the County of Alameda, State of California.  I am over the age of 18 and not a party to the within action; my business address is Leamington Building, 1814 Franklin Street, Suite 805, Oakland, California  94612.

On August 23, 2007, I served the foregoing document described as:

**NOTICE OF MOTION TO DISMISS**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED**

I am familiar with the office's practice for depositing mail, and that correspondence would be deposited in the mail on the same day, and that the document served was placed for deposit in accordance with the office practice with postage thereon fully prepaid to be placed in the United States mail at Oakland, California.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.  Executed on this date in Oakland, California

Dated:  August 23, 2007                     _____/S/_____
                                             Nicole Hancox

**Hand, et al. v. Killian, et al.**
**U.S. District Court Northern District of CA San Francisco Division**

## SERVICE LIST

Gerald Patterson
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Eddie Welbon
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Lillie Mae Jefferson
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Grace Jefferson
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Betty Johnson
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Theo Frazier
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Gregory Richardson
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Ray Bullock
714 Blossom Way
Hayward, CA 94541
Ph: (415) 504-7813
Fax: (415) 504-7800

Steven Bovarnick
Hunter & Bovarnick
Attorney for The Estate of Louis Narcisse
345 Grove Street
San Francisco, CA 94102
Ph: (415) 621-8700
Fax: (415) 621-0581

Donna Ziegler
Alameda County Counsel
1221 Oak Street
Oakland, CA 94612

Joann M. Swanson
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Ph: (415) 436-7200
Fax: (415) 436-6748