Joshua Koltun (Cal. Bar. 173040)
Attorney
101 California Street
Suite 2450, No. 500
San Francisco, CA 9411
Telephone:    (415) 680-3410
Facsimile:    (866) 462-5959
joshua@koltunattorney.com

Attorney for Defendants Rev. Amos Brown,
Rev. Joseph Bryant, Peter Cohn
(sued as "Peter Cohen,"), Cassie Cook
(sued as "Cathy Cook"); Dr. Toye Moses,
and Amelia Ashley-Ward
(the "NAACP Defendants")

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARCHBISHOP ROBERT HAND, ARCHBISHOP LILLIE JEFFERSON, ARCHBISHOP GRACE JEFFERSON, ARCHBISHOP JACKIE WILLIAMS, ARCHBISHOP RUBY HILL, and ARCHBISHOP EDDIE C. WELBON,<br><br>Plaintiffs,<br><br>v.<br><br>REV. AMOS C. BROWN, CLINTON KILLIAN, ATTORNEY TOYE MOSES, REV. ARTHUR BURNETT, ATTORNEY PETER COHEN, REV. JOSEPH BRYANT, CATHY COOK, AMELIA ASHLEY-WARD GALE BERKELEY, and STEVEN BOVARNICK,<br><br>Defendants. | Case No.:  C 07-02825 MMC7<br><br>**NAACP DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  November 16, 2007<br>Time:  9:00 am<br>Place:  Courtroom 7<br>Judge:  Hon. Maxine M. Chesney<br><br>Documents filed herewith:<br><br>    Request for Judicial Notice<br>    Proposed Order |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on November 16, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Hon. Maxine M. Chesney, Courtroom 7, 450 Golden Gate Avenue, San Francisco, defendants the Rev. Amos Brown, the Rev. Joseph Bryant, Peter Cohn (sued as "Peter Cohen,"), Cassie Cook (sued as "Cathy Cook"); Dr. Toye Moses, and Amelia Ashley-Ward (hereinafter "NAACP Defendants"[1]) will and hereby do move to dismiss this suit for failure to state a federal claim and lack of subject matter jurisdiction, as well as failure to serve certain Defendants. NAACP Defendants make this Motion pursuant to Federal Rule of Civil Procedure, 12(b)(1), (5) and (6). This Motion is based on the Points and Authorities set forth below, the Request for Judicial notice, any evidence or argument submitted by Plaintiffs, and the entire record in this action.

The NAACP Defendants respectfully ask that this Complaint in its entirety be dismissed for failure to state a federal claim and for lack of subject matter jurisdiction.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION AND STATEMENT OF ISSUES**

This action purports to be a claim under under 42 USC Section 1985(3) for conspiracy to deprive plaintiff of his civil rights. However, there is no allegation of any action by, or conspiracy with, any state actors. The Complaint thus fails to state a federal claim. The federal causes of action must be dismissed. Indeed, because the federal claim is frivolous, the Court lacks subject matter jurisdiction over the entire complaint, and the state causes of action must be dismissed as well. In any event, even if the Court has subject matter jurisdiction over the pendent state law claims, there is no reason this Court should exercise its discretion to retain jurisdiction over such claims in federal court.

**FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff in this action is [King Bishop Dr.] Eddie C. Welbon. Complaint at 1. Mr. Welbon is representing himself *pro se*. A number of other purported plaintiffs are listed in the

---

[1] The NAACP Defendants are all members of the Executive Committee of the San Francisco Chapter of the National Association for the Advancement of Colored People ("NAACP").

-1-

Summons, and have filed "verifications" to the Complaint, but in the text of the Complaint itself Welbon is repeatedly described as "plaintiff" in the singular and no other persons are identified as plaintiffs nor are any purported claims on behalf of any other persons discussed.

Mr. Welbon's references to himself as "King," and "Bishop," and to other putative plaintiffs in this case as "Archbishop" relate to a complex dispute between Welbon (and others) and the Mount Zion Spiritual Temple, a church in Oakland, over Welbon's claims to have authority to represent the Mount Zion Spiritual Temple and to dispose of its property. This dispute was the subject of a consolidated action in the Superior Court of Alameda (RG 05 227003 Consolidated, hereinafter "State Court Action" ). In February 2007, the Honorable Cecilia Castellanos granted judgment against Welbon in the State Court Action. Request for Judicial Notice ("RJN"), ¶ 1, Exh. A. The judgment quieted title in disputed property, voided a variety of purported legal acts and filings by Welbon and persons acting in concert with him, and enjoined Welbon and such others from holding themselves out as representing or acting on behalf of the Mount Zion Spiritual Temple (or any entities with confusingly similar names). *Id.*

Immediately upon issuance of the judgment against him in the State Court Action, Welbon (and purportedly others) filed an action before this Court against Judge Castellanos and a number of federal and state actors, as well several nonstate actors, including Clinton Killian, a defendant in the present action (U.S.D.C. N.D.Cal. Civ. 07-00951, "the First Federal Action"). RJN, ¶ 2, Exh. B. Clinton Killian was the attorney for Mount Zion Spiritual Temple in the State Court Action. RJN, ¶ 3, Exh. C; *see also* Complaint, ¶ 24 & 25. On June 5, 2007, this Court (Judge Breyer) dismissed the First Federal Action. RJN, ¶2, Exh. B. The Court ruled that Welbon had failed to state a claim against a government actor or any other federal claim, declined to exercise supplemental jurisdiction over the pendent state law claims, and ruled that the claims were barred by the *Rooker-Feldman* doctrine. *Id.*

Welbon did not file any papers to contest the motion to dismiss in the First Federal Action. However, a few days before the Court granted that motion, Welbon filed the instant Complaint.[2] In

---

[2] Welbon has subsequently filed another federal action against many of the defendants in the First Federal Action. *See Welbon v. Burnett et al.,* (USDC NDCal 07-04248-EDL, filed August 20, 2007).

-2-

the present Complaint, plaintiff identifies Defendant Clinton Killian as "an Oakland public and political figure, and at relevant times mentioned below an Oakland Municipal Public Official." Complaint, ¶ 6.  Plaintiff does not, however, identify any public office currently held by Mr. Killian, and only refers to his tenure as a "***former*** Planning Commissioner of the Town of Oakland. *Id.* (emphasis added).   Mr. Killian was a Planning Commissioner for the City of Oakland, but left that position sometime between August and September of 2005.  RJN, ¶ 4 and Exh. D.  The Mount Zion Spiritual Temple's complaint against Welbon was not filed until August 2005.  *See* RJN, ¶ 3, Exh. C.  In any event, the purported claims in this case do not allegedly relate to any alleged acts or omissions by Killian in his capacity as a Planning Commissioner.

The Caption also lists the NAACP Defendants Brown, Cohn, Moses, Cook, and Ashley Ward and defendants Burnett, Berkeley and Bovarnick.  The Complaint makes a variety of allegations against some of these defendants, although not against all of them.   Plaintiff alleges that the Reverend Amos Brown is a "State, National, International public and political figure, " (Complaint, ¶ 9) but does not allege that he held public office at any relevant time, or that he committed any act in his capacity as a public official or under color of law.  Nor does the Complaint make any allegation that any of the other Defendants ever held public office.

The wrongdoing alleged in the complaint can be summarized as follows: (i) Mr. Killian is alleged to have filed a false affidavit in the State Court Action in the State Court Action (Complaint, ¶¶ 24, 25), (ii) Killian and Brown allegedly conspired to have Welbon removed from an office of the NAACP's San Francisco Branch (Complaint, ¶¶ 5-22), and (iii)  several Defendants allegedly conspired to publish a defamatory story in the Sun Reporter newspaper on May 24, 2007 (Complaint, ¶¶ 12, 15).   The May 24, 2007 story at issue simply reported the outcome of the litigation between the Mount Zion Spiritual Temple and Welbon.  RJN, ¶ 5, Exh E.

Plaintiff contends that these allegations state a federal claim under 42 U.S.C section 1985(3). Complaint, ¶ 3.  Plaintiff also asserts a variety of state law claims under this Court's supplemental jurisdiction, namely: Libel, False Light Invasion of Privacy, Publication of Private Facts, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and a purported "Right of Inspection."  Complaint, ¶¶ 42-93.

# ARGUMENT

## I.

## PLAINTIFF HAS FAILED TO STATE A FEDERAL CLAIM

A.  *Standards and Procedure on Motion to Dismiss*

Under Rule 12(b)(6), a complaint should be dismissed where, assuming all material factual allegations are true, the pleadings or other documents properly before the court establish plaintiff cannot state a claim. *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A court need only accept as true allegations of fact; it need not accept vague, conclusory allegations. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) ("the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged").

Moreover, a heightened standard for surviving a motion to dismiss should be applied in any case "where a plaintiff seeks damages ... for conduct which is prima facie protected by the First Amendment." *Franchise Realty Interstate Corp. v. San Francisco Local Joint Exec. Bd.*, 542 F.2d 1076, 1082-83 (9th Cir. 1976). This heightened pleading requirement is required because "the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required." *Id.* at 1082-83.

The Reverend Brown was served with the Complaint, and may bring a motion to dismiss any time before the responsive pleading is filed. *Aetna Life Ins. Co. v. Alla Medical Services,* 855 F.2d 1470, 1474 (9th Cir. 1988). The other NAACP Defendants have not been served, and thus move to dismiss, in the alternative, on that basis. Fed.R.Civ.P. 12(b)(5). The defense of insufficient service is not waived by asserting a failure to state a claim or lack of subject matter jurisdiction. *Id.* ("No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.")

B. ***The Complaint Does Not Set Forth Any Facts Showing that Any Defendants (Let Alone the NAACP Defendants) Conspired with State Actors To Deprive Plaintiff of His Civil Rights***

An action under 42 USC section 1985 must show that state actors conspired to deprive a plaintiff of his civil rights. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1054 n.5 (9th Cir. 2002). Here, there are no complaints against state actors. The only person alleged to have ***ever been*** a public official is Clinton Killian, and there is no allegation of any actions taken by him during his tenure as a public official, let alone any actions taken by him under color of law. Even assuming the truth of the allegation that Mr. Killian filed a false affidavit in the State Court Action, that would not constitute state action. *Sinclair v. Spatocco,* 452 F.2d 1213, 1213 (9th Cir. 1971) (conduct of privately retained counsel in litigation does not constitute state action). There can be no civil rights claim against nonstate actors without an allegation that they conspired with state actors to deprive plaintiffs of their constitutional rights *United Steel Workers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540 (9th Cir. 1989); *Liska v. Addis,* 837 F.2d 482 (9th Cir. 1988).

Even where plaintiff is proceeding *in pro per,* "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In any event, none of the NAACP defendants are state actors. Even assuming that Mr. Killian's actions could constitute state action -- which they cannot -- it is not enough to make vague and conclusory allegations that NAACP defendants conspired with Killian. Plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in with a state actor that support the plaintiff's claim." *Id.; Woodrum v. Woodward County,* 866 F.2d 1121 (9th Cir. 1989); *see also Bruns*, 122 F.3d at 1257; *Ivey*, 673 F.2d at 268.

Even if one could construe the complaint as contending that various Defendants conspired to commit acts tortious under state law, that would not constitute a federal civil rights claim. *See, e.g., Woodrum*, 866 F.2d at 1126-27 (9th Cir. 1989)(allegations of conspiracy to make defamatory statements do not constitute federal civil rights claim even if statements actionable under state law).

-5-

## II.

## THE STATE LAW CLAIMS SHOULD BE DISMISSED

The pendent causes of action should be dismissed as well. If the purported federal cause of action is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," then the federal court lacks subject matter jurisdiction over the federal claim. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1988) *(quoting Oneida Indian Nation of N. Y. v. County of Oneida*, 414 U.S. 661, 666 (1974). In that case, the court *must* dismiss the complaint in its entirety, including all supplemental state law claims. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Even if the federal claim is not so insubstantial as to *require* the federal court to dismiss the state law claims, the court retains the discretion to dismiss the pendent claims. *Id.*

Here the federal claims are utterly insubstantial and frivolous. Welbon has made and can make no allegations against the Defendants in this action that would convert the garden variety state law claims asserted here into a federal civil rights conspiracy (or into any other federal claim).

Even assuming that the federal claims were not frivolous, there is certainly no reason for this Court to exercise its discretion to assert supplemental jurisdiction over the state law claims here, particularly where such claims are interrelated with a dispute that has already been the subject of a judgment in the state courts, and the federal proceedings are at their very outset.

## CONCLUSION

The NAACP Defendants therefore respectfully ask that this Court to dismiss the Complaint in its entirety.

DATED: October 4, 2007

/s/
Joshua Koltun
Attorney for the NAACP Defendants