Joshua Koltun (Cal. Bar. 173040)
Attorney
101 California Street
Suite 2450, No. 500
San Francisco, CA 9411
Telephone:     (415) 680-3410
Facsimile:      (866) 462-5959
joshua@koltunattorney.com

Attorney for Defendants Rev. Amos Brown,
Rev. Joseph Bryant, Peter Cohn
(sued as "Peter Cohen,"), Cassie Cook
(sued as "Cathy Cook"); Dr. Toye Moses,
and Amelia Ashley-Ward
(the "NAACP Defendants")

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARCHBISHOP ROBERT HAND, ARCHBISHOP LILLIE JEFFERSON, ARCHBISHOP GRACE JEFFERSON, ARCHBISHOP JACKIE WILLIAMS, ARCHBISHOP RUBY HILL, and ARCHBISHIP EDDIE C. WELBON, | Case No.:  C 07-02825 MMC7 |
| | **NAACP DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| Plaintiffs, | Date:   November 16, 2007 |
| | Time:  9:00 am |
| v. | Place:  Courtroom 7 |
| | Judge:  Hon. Maxine M. Chesney |
| REV. AMOS C. BROWN, CLINTON KILLIAN, ATTORNEY TOYE MOSES, REV. ARTHUR BURNETT, ATTORNEY PETER COHEN, REV. JOSEPH BRYANT, CATHY COOK, AMELIA ASHLEY-WARD GALE BERKELEY, and STEVEN BOVARNICK, | |
| Defendants. | |

1    The NAACP Defendants request that this Court take judicial notice under Federal Rule of

2  Evidence 201 (b) and (d) of the following:

3    1.   A dispute between  Plaintiff Welbon (and others) and the Mount Zion Spiritual Temple, a

4  church in Oakland, over Welbon's claims to have authority to represent the Mount Zion Spiritual

5  Temple and to dispose of its property was the subject of a consolidated action in the Superior Court

6  of Alameda (RG 05 227003 Consolidated, hereinafter "State Court Action" ).  In February 2007, the

7  Honorable Cecilia Castellanos granted judgment against Welbon in the State Court Action, is

8  attached hereto as ***Exhibit A.***

9    2.   Welbon (and purportedly others) filed an action before this Court against Judge Castellanos

10  and a number of federal and state actors, as well several nonstate actors, including Clinton Killian, a

11  defendant in the present action (U.S.D.C. N.D.Cal. Civ. 07-00951, "the First Federal Action").   A

12  true and correct copy of the decision of Judge Breyer of June 5, 2007 is attached hereto as ***Exhibit B.***

13    3.   Clinton Killian  was the attorney for Mount Zion Spiritual Temple in the State Court Action.

14  A true and correct copy of the trial brief submitted by Mr. Killian in that action is attached hereto as

15  ***Exhibit C***.

16    4.   Mr. Killian was a Planning Commissioner for the City of Oakland, but left that position

17  sometime between August and September of 2005.  A true and correct copy of Oakland Planning

18  Commission agendas is attached hereto as ***Exhibit D*** and is also available at

19  www.oaklandnet.com/government/CEDA/revised/planningzoning/commission/main_agenda_archiv

20  e.html .

21    5.   The May 24, 2007 story (the the "STORY" at issue in the Complaint), a true and correct

22  copy of which is attached at ***Exhibit E.***

23  DATED:  October 4, 2007

24

25                                         /s/_____

26                                         Joshua Koltun
                                          Attorney for the NAACP Defendants

27

28

EXHIBIT A

1  Clinton Killian, SB 116501
   THE LAW OFFICE OF CLINTON KILLIAN
2  Leamington Building
   1814 Franklin Street, Suite 805
3  Oakland, CA 94612-3527
   Telephone: (510) 625-8823
4  Facsimile: (510) 625-8829

5  Attorney for Defendants Cross- Complainant and Consolidated Plaintiff
   MOUNT ZION SPIRITUAL TEMPLE, INC.
6  And PRINCESS LILLIAN ROBERTS

7

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 7 2007

CLERK OF THE SUPERIOR COURT
By _____ MAY CHOO _____
                          Deputy

COPY of Document Recorded
on FEB 1 3 2007  2007070067
as No. _____
Has not been compared with Original.
ALAMEDA COUNTY RECORDER

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11  DR. EDDIE C. WELBON,              Case No.:  RG 05 199540
                                                RG 05 227003 CONSOLIDATED
12          Plaintiff,
                                      JUDGMENT AFTER COURT TRIAL
13      v.
                                      Date:   December 26, 2006
14  MOUNT ZION SPIRITUAL TEMPLE, INC.,   Time:   9:00 a.m.
    a California Religious Corporation; ESTATE   Dept.:  18
15  OF LOUIS H. NARCISSE; PRINCESS
    LILLIAN ROBERTS,
16
            Defendants.
17
    And Related Cross-Complaint.

18

19      This matter came regularly for trial on December 26, 2006, in Department 18 of the above

20  referenced court, the Honorable Cecilia Castellanos presiding.  The Plaintiff EDDIE C.

21  WELBON was present and represented by his attorney of record STEVEN MIYAKE.  The

22  Defendant, Cross-Complainant and consolidated Plaintiff MT. ZION SPIRITUAL TEMPLE,

23  INC., by and through its chairperson BISHOP ARTHUR BURNETT, was present and

24  represented by its attorney of record CLINTON KILLIAN. Cross-Defendants LILLIE MAE

25  JEFFERSON. RAY BULLOCK and consolidated Defendant OROBO OSAGIE did not appear

    and were represented by STEVEN MIYAKE. Cross-Defendants LEON ROUNDTREE:

                                      1

1   DR. EDDIE C. WELBON; LEON ROUNDTREE, JR.; LILLIE MAE JEFFERSON; MARIA
    LOVE; RAY BULLOCK;

2

3   MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF MISSIONARIES, INC., CORP. NO. C2742981;

4   MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF LORD VISCOUNTS, INC., CORP. NO. C2742868

5

6   MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF LORD VISCOUNTESS, INC., CORP. NO. C2742982

7   MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF CHILDREN AND FAMILIES, YOUTH DEVELOPMENT CENTERS, INC.,

8   CORP. NO. C2743151

9   MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF BUSINESS AND PROFESSIONAL WOMEN, INC., CORP. NO. C2742867

10

11  MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF BUSINESS AND PROFESSIONAL MEN, INC., CORP. NO. C2742874

12  MT. ZION GETHSEMANE HOUSE OF PRAYER, INC., CORP. NO. C2728520

13  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF DEACONS, INC., CORP. NO. C2742871

14

15  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF LORD DEACONESS, INC., CORP. NO. C2742870

16  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF LORD MINISTERS, INC., CORP. NO. C2742995

17

18  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF LORD PUBLIC AFFAIRS DIRECTORS, INC., CORP. NO. C2742873

19  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF NURSES, AIDES, AND USHERS, INC., CORP. NO. C2742976

20

21  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF MUSIC, ARTS AND CULTURAL, INC., CORP. NO. C2742977

22  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
    CONGRESS OF BUSINESS, HOUSING, TRADE, ECONOMIC DEVELOPMENT, FOREIGN

23  RELATIONS, FINANCE, TECHNICAL CONSULTANCY, AND BUILDING FUNDS,
    FOUNDATION, INC., CORP. NO. C2742978

24

25  MT. ZION SPIRITUAL TEMPLE, INC.. SOLE BOARD CORPORATION ROYAL
    CONGRESS OF ROYAL AMBASSADORS, INC., CORP. NO. C2742872

1  MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD HOME AND
   FOREIGN ROYAL MISSION BOARD; INC., CORP. NO. C2742991

2

3  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION INTERNATIONAL
   EDUCATIONAL AND BUILDING FUNDS FOUNDATION, INC., CORP. NO. C2742992

4  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL LIBRARY
   AND ARCHIVE, INC., CORP. NO. C2743152

5

6  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION KINGDOM
   HEADQUARTERS, INC., CORP. NO. C2742998

7  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF QUEENS COURT OF THE NORTH, INC., CORP. NO. C2742984

8

9  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF QUEENS COURT OF THE WEST, INC., CORP. NO. C2742985

10 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION BOARD ROYAL
   CONGRESS OF PRINCES AND PRINCESS, INC., CORP. NO. C2742979

11

12 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF QUEENS COURT OF THE SOUTH, INC., CORP. NO. C2742983

13 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF CHARTERED SCHOOLS, INC., CORP. NO. C2742986

14

15 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF QUEENS COURT OF THE EAST, INC., CORP. NO. C2742987

16 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF INTERNATIONAL WORLD NEWSPAPERS AND TELEVISION
17 COMMUNICATIONS, PUBLISHERS MONITOR, INC., CORP. NO. C2742988

18 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF INTERNATIONAL WORLD AMATEUR, SPORT, INC., CORP. NO.
19 C2742989

20 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF AUXILIARIES COORDINATING COUNCIL, INC., CORP. NO. C2742990

21

22 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF LORD MATRONS, PATRONS AND MISSIONARIES, INC., CORP. NO.
23 C2743156

24 MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL YOUR
   HIGHNESS EXCELLENCY PRESIDENT, INC., CORP. NO. C2742997

25 MT. ZION SPIRITUAL TEMPLE, INC., HIS GRACE HIGHNESS, KING LOUIS H.
   NARCISSE MEMORIAL AND EDUCATIONAL MUSEUM, INC., CORP. NO. C2742980

1  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
2  CONGRESS OF LORD BARONS, INC., CORP. NO. C2742875

3  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF LADIES AND DUTCHES, INC., CORP. NO. C2742996
4
   MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
5  CONGRESS OF LORD MARQUISES, INC., CORP. NO. C2742863

6  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF LORD EARLS, INC., CORP. NO. C2742866
7
   MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
8  CONGRESS OF LORD BISHOPS, INC., CORP. NO. C2742869

9  MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL
   CONGRESS OF QUEEN MOTHERS, INC., CORP. NO. C2742865
10

11  failed to answer the cross-complaint and their defaults were taken on December 15, 2006.

12      On January 3, 2007, the Plaintiff rested its case in chief for its complaint for breach of

13  contract, fraud and deceit, breach of duty of good faith and fair dealing. Whereupon, Defendant

14  MT. ZION SPIRITUAL TEMPLE, INC., made an oral motion for judgment, under CCP § 631.8.

15  After hearing the evidence, reviewing the pleadings on file, reviewing the exhibits, hearing the

16  oral testimony, reviewing the pleadings and oral argument of the parties, the court orally granted

17  the Defendant's motion.

18  IT IS HEREBY ORDERED, ADJUDICATED AND DECREED THAT:

19      A. Defendant MT. ZION SPIRITUAL TEMPLE, INC.,'s motion for judgment is hereby

20  granted;

21      B. The complaint by EDDIE C. WELBON for breach of contract, fraud and deceit, breach

22  of duty of good faith and fair dealing is denied and judgment is entered in favor of Defendant

23  MT. ZION SPIRITUAL TEMPLE, INC.,:

24      C. Defendant MT. ZION SPIRITUAL TEMPLE, INC., is the prevailing party on the

25  Complaint and entitled to costs in this matter per a Memorandum of Costs.

1    After hearing of the evidence from December 26, 2006, until January 4, 2007, reviewing

2  the pleadings on file, reviewing exhibits, the hearing of oral testimony, reviewing pleadings and

3  oral argument of the parties, the court hereby issues the following judgment in this matter:

4  IT IS HEREBY ORDERED, ADJUDICATED AND DECREED THAT:

5    1.    MT. ZION SPIRITUAL TEMPLE, INC.,'s Cross-Complaint, Alameda County

6  Superior Court, Case No. RG 05-199540, for unfair competition, civil conspiracy and declaratory

7  relief is hereby granted;

8    2.    Plaintiff MT. ZION SPIRITUAL TEMPLE, INC.,'s consolidated complaint,

9  Alameda County Superior Court Case No. RG 05-227003 for cancellation of deed, to quiet title

10  to real property and negligence per se is granted;

11    3.    EDDIE C. WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR.,

12  OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees,

13  successors, representatives, associates, assignees, and any and all persons acting in concert or

14  participating with them are hereby enjoined and restrained from engaging, permitting or

15  performing, directly or indirectly, the following acts:

16    a.    . Using the name MT. ZION SPIRITUAL TEMPLE, INC., in any manner

17  whatsoever, including but not limited to, using, representing, holding out, or accessing MT.

18  ZION SPIRITUAL TEMPLE, INC.,'s property, name, bank accounts, likeness, or use in any

19  manner whatsoever as part of any legal and/or public document;

20    b.    Establishing any church, corporation or business with the name "MT. ZION

21  SPIRITUAL TEMPLE, INC.,";

22    c.    Interfering with the sale, possession, ownership and/or maintenance of MT. ZION

23  SPIRITUAL TEMPLE INC.,'s real and personal property;

24    d.    Using the name "MT. ZION SPIRITUAL TEMPLE INC.," in any manner

25  whatsoever in or for any purpose, on any documents or any letterhead creating any corporation

1  using the name of MT. ZION SPIRITUAL TEMPLE, INC., or representing themselves as MT.

2  ZION SPIRITUAL TEMPLE, INC., on letterhead, stationery, pleadings or in any attempt to

3  transfer, sell and/or access property, bank accounts, or any other property owned by MT. ZION

4  SPIRITUAL TEMPLE, INC., and in any manner attempting to hold themselves out as MT. ZION

5  SPIRITUAL TEMPLE, INC.;

6      e.      Using the name of MT. ZION SPIRITUAL TEMPLE, INC., in any filing or any

7  corporate documents with the California Secretary of State;

8      f.      Filing of any documents whatsoever with the California Secretary of State under

9  the corporation MT. ZION SPIRITUAL TEMPLE, INC., California Corporation Number

10 C0228488 or CORPORATION OF THE PRESIDENT IF THE MT. ZION SPIRITUAL

11 TEMPLE ~ A CORPORATION SOLE, Corporation Number C0335930;

12     g.      Recording any deed whatsoever on any property belonging to MT. ZION

13 SPIRITUAL TEMPLE, INC.; and

14     h.      Recording any deed on any property using the name or any form thereof of MT.

15 ZION SPIRITUAL TEMPLE, INC.,

16     4.      The Court issues a permanent injunction barring EDDIE C.WELBON,

17 RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE

18 JEFFERSON and any of their agents, servants, employees, successors, representatives,

19 associates, assignees, and any and all persons acting in concert or participating with them from

20 recording any deed whatsoever regarding MT. ZION SPIRITUAL TEMPLE, INC.,'s real

21 property located at 760 Calmar Avenue and 1488 14th Street, both in the City of Oakland,

22 California;

23     5.      The Court issues a permanent injunction barring EDDIE C. WELBON,

24 RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE

25 JEFFERSON and any of their agents, servants, employees, successors, representatives,

1  associates, assignees and any and all persons acting in concert or participating with them from

2  preparing and/or recording any deed, deed of trust, lien, promissory note, application, or any

3  document whatsoever using the name MT. ZION SPIRITUAL TEMPLE, INC., or any form

4  thereof, relating to the real properties located at 1606 14th Street, 1504 Union Street, 4022

5  Balfour Avenue, all in the City of Oakland, California and 1552 Alcatraz Avenue in the City of

6  Berkeley, California,  712 Blossom Avenue in the City of Hayward, California, and any other

7  property;

8         6.       The deeds and deeds of trust recorded at the Alameda County Recorder's Office

9  are hereby declared null and void and have no legal effect whatsoever and are hereby set aside as

10  follows:

11

12

| Address | Instrument No. | Date Recorded | Grantor | Exhibit No. |
|---------|----------------|---------------|---------|-------------|
| 4022 Balfour | 2005362100 | 08/23/05 | Mt. Zion Spiritual Temple, Inc., Sole Corporation Board Royal Congress of Title Holding and Trust Company, Inc., | NN |
| 4022 Balfour | 2005315238 | 07/25/06 | Mt. Zion Spiritual Temple, Sole Corporation | MM |
| 4022 Balfour | 2006428599 | 11/17/06 | Edward C. Welbon | OO |

| 1606 14th Street | 2005282154 | 07/07/05 | Corporation of the President of Mt. Zion Spiritual Temple, Inc., A Corporation Sole | VV |
| 1606 14th Street | 2005362102 | 08/23/05 | Mt. Zion Spiritual Temple, Inc., Sole Corporation Board Royal Congress of Title Holding and Trust Company, Inc., | WW |
| 1606 14th Street | 2005224055 | 06/02/06 | Mt. Zion Spiritual Temple, Inc., who acquired title as Corporation of the President of the Mt. Zion Spiritual Temple | YY |

| | | | | |
|---|---|---|---|---|
| 712 Blossom Ave. | 2006428567 | 11/17/06 | Operation Sunshine, Inc., | HHH |

| | | | | |
|---|---|---|---|---|
| 1552 Alcatraz | 2005505089 | 11/23/05 | The Odessa Celestine Beachem Irrevocable Family Trust | EE |
| 1552 Alcatraz | 2006227124 - | 06/12/06 | Mt. Zion Spiritual Temple, Inc., Sole Board Corporation Kingdom Headquarters, Inc., | FF |
| 1552 Alcatraz | 2006428574 | 11/17/06 | Corporation of the President of Mt. Zion Spiritual Temple, Inc., A Corporation Sole | GG |

| | | | | |
|---|---|---|---|---|
| 1488 14th Street | 2005282153 | 07/07/05 | Corporation of the President of Mt. Zion Spiritual Temple, Inc., A Corporation Sole | TT |
| 1488 14th Street | 2005362101 | 08/23/05 | Mt. Zion Spiritual Temple, Inc., Sole Corporation Board Royal Congress of Title Holding and Trust Company, Inc., | UU |

| | | | | |
|---|---|---|---|---|
| 1504 Union | 2005315237 | 07/25/05 | Mt. Zion Spiritual Temple, A Sole Corporation | PP |
| 1504 Union | 2005362099 | 08/23/05 | Mt. Zion Spiritual Temple, Inc., Sole Corporation Board Royal Congress of Title Holding and Trust Company, Inc., | QQ |

| | | | | |
|---|---|---|---|---|
| 760 Calmar | 2005282152 | 07/07/05 | Mount Zion Spiritual Temple, A California Non-Profit Corporation | BBB |
| 760 Calmar | 2005362098 | 08/23/05 | Mt. Zion Spiritual Temple, Inc., Sole Corporation Board Royal Congress of Title Holding and Trust Company, Inc., | CCC |
| 760 Calmar | 2006090045 | 03/10/06 | Mt. Zion Spiritual Temple, Inc., Sole Board Corporation Kingdom Headquarters, Inc., | FFF |
| 760 Calmar | 2006375662 | 10/05/06 | Mt. Zion Spiritual Temple, Inc., Sole Board Corporation Kingdom Headquarters, Inc., | EEE |

JUDGMENT AFTER TRIAL.

| 760 Calmar | | | Ocwen Loan, Account No.: 0005693965 | DDD |
|---|---|---|---|---|

7.    The Defendants EDDIE C. WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors, representatives, associates, assignees, and any and all persons acting in concert or participating with them are ordered to deliver the purported deeds forthwith to the Alameda County Superior Court, clerk of court located at Deptartment 18, 1221 Oak Street, 3rd Floor, Oakland, California, for cancellation of all deeds;

8.    That the Court makes a judgment determining that title to the property located at 760 Calmar Avenue and 1488 14th Street, both in the City of Oakland, California, and legally described as:

LOTS 3 AND 4 IN BLOCK "N", AS SAID LOTS AND BLOCK ARE SHOWN ON THE MAP OF "EAST PIEDMONT HEIGHTS OAKLAND, CALIFORNIA, 1907" FILED MARCH 19, 1907, IN BOOK 22 OF ASSESSOR'S PARCEL
Commonly known as: 760 Calmar Avenue          APN: 11-868-24

COMMENCING at a point in the northerly line of West 14th Street, distant thereon 149 feet westerly from the point of intersection of said northerly line of said 14th Street with the westerly line of Center Street as said West 14th Street and said Center Street are shown on the map of "Map of Peralta and Center Street Lands," etc., hereinafter referred to; and running thence westerly along said northerly line of said West 14th Street with the easterly line of Peralta Street as said Peralta now exists since the widening thereof by that certain Deed from the Realty Syndicate, a corporation, to City of Oakland, a municipal corporation, dated September 13, 1910, recorded October 10, 1910, in the office of the County Recorder of said County of Alameda, thence northerly along said easterly line of said Peralta Street 25 feet to the point of intersection of said easterly line of said Peralta Street with southeasterly line of Peralta Street as said Peralta Street is shown on the map of "Map of Peralta and Center Street," etc., hereinafter referred to : thence northeasterly along said southeasterly line of said Peralta Street, 78.15 feet to the southerly boundary line of lot 23 in block 581, as said lot 23 and block 5181 are shown on the map of "Map of Peralta and Center Street Lands," etc., hereinafter referred to; thence easterly along said southerly boundary of said lot 23 and parallel with said northerly line of said West 14th Street 60.57 feet; thence southerly in a direct line to the point of commencement.
Being portions of Lots 19, 20, 21, and 22 in Block 581, as said lots and block are shown on the map of "Map of Peralta and Center Street Lands," etc., filed

March 3, 1877, in the office of the County Recorder of said County of Alameda.
Commonly known as: 1488 14th Street          APN 5-370-7

belong solely to MT. ZION SPIRITUAL TEMPLE, INC., and Defendants EDDIE C. WELBON,

RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE

JEFFERSON and any of their agents, servants, employees, successors, representatives,

associates, assignees, and any and all persons acting in concert or participating with them, and

each of them, have no title or interest in the property whatsoever or superior to MT. ZION

SPIRITUAL TEMPLE, INC.;

     9.    That defendants EDDIE C. WELBON, RAYFORD BULLOCK, LEON

ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents,

servants, employees, successors, representatives, associates, assignees, and any and all persons

acting in concert or participating with them, and each of them and each of them have no interest

in the properties located at 760 Calmar Avenue and 1488 14th Street, both in the City of Oakland,

California adverse to Plaintiff;

     10.    The Secretary of State is ordered to void the corporate filings by EDDIE C.

WELBON, EDDIE WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO

OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors,

representatives, associates, assignees, and any and all persons acting in concert or participating

with them, from April 1, 2005, for the following corporations:

| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
|---|---|---|---|---|
| C2885721 | 6/29/2006 | active | CORPORATION OF THE PRESIDENT OF THE MT. ZION SPIRITUAL TEMPLE INTERNATIONAL TITLE HOLDINGS AND GROUP OF COMPANIES-A-CORPORATION SOLE | |

| | | | | |
|---|---|---|---|---|
| C2885301 | 6/13/2006 | active | CORPORATION OF THE PRESIDENT OF THE MT. ZION SPIRITUAL TEMPLE PASTORS AND MINISTERS ALLIANCE - A CORPORATION SOLE | |
| C2892600 | 7/31/2006 | active | CORPORATION OF THE PRESIDENT OF THE MT. ZION SPIRITUAL TEMPLE, INC., DISTRICT EDUCATIONAL ASSOCIATION-A- CORPORATION SOLE | |
| C0335930 | 3/26/1957 | active | CORPORATION OF THE PRESIDENT OF THE MT. ZION SPIRITUAL TEMPLE-A CORPORATION SOLE | PRINCE RAYFORD BULLOCK |
| C0228488 | 6/19/1948 | active | MT. ZION SPIRITUAL TEMPLE | PRINCE RAYFORD BULLOCK |
| C2791813 | 8/7/2006 | active | MT. ZION SPIRITUAL TEMPLE KINGDOM INTER-INVESTIGATIVE SECURITY SERVICES AND ARMED RELIGIOUS GUARDS, INC. | EDDIE C WELBON |
| C2791814 | 8/7/2006 | active | MT. ZION SPIRITUAL TEMPLE KINGDOM INTERNATIONAL PROFESSIONAL BUSINESS MEN, WOMEN AND LAYPERSON WEALTH BUILDING AND RELIGIOUS MOTIVATIONAL ASSOCIATION, INC. | EDDIE C WELBON |
| C2742992 | 4/20/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC. SOLE BOARD CORPORATION INTERNATIONAL EDUCATIONAL AND BUILDING FUNDS FOUNDATION, INC. | RAYFORD BULLOCK |
| C2745990 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC. SOLE CORPORATION BOARD ROYAL PRIESTS TRIBUNAL COURT AND COUNCIL OF JUDGES, INC. | RAYFORD BULLOCK |
| C2742990 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF AUXILIARIES COORDINATING COUNCIL, INC. | RAYFORD BULLOCK |
| C2742986 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF CHARTERED SCHOOLS, INC. | RAYFORD BULLOCK |

11

JUDGMENT AFTER TRIAL.

| | | | | |
|---|---|---|---|---|
| C2742989 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF INTERNATIONAL WORLD AMATEUR, SPORT, INC. | RAYFORD BULLOCK |
| C2742988 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF INTERNATIONAL WORLD NEWSPAPERS AND TELEVISION COMMUNICATIONS, PUBLISHERS MONITOR, INC. | EDDIE C WELBON |
| C2742864 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF LORD BARONESS, INC. | R BULLOCK |
| C2742866 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF LORD EARLS, INC. | RAYFORD BULLOCK |
| C2742863 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF LORD MARQUISES, INC. | RAYFORD BULLOCK |
| C2742995 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF LORD MINISTERS,INC. | RAYFORD BULLOCK |
| C2742982 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF LORD VISCOUNTESS, INC. | RAYFORD BULLOCK |
| C2742981 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF MISSIONARIES,INC. | RAYFORD BULLOCK |
| C2742865 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF QUEEN MOTHERS, INC. | RAYFORD BULLOCK |
| C2742987 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF QUEENS COURT OF THE EAST, INC. | RAYFORD BULLOCK |
| C2742983 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF QUEENS COURT OF THE SOUTH, INC. | RAYFORD BULLOCK |

| | | | | |
|---|---|---|---|---|
| C2742985 | 4/18/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESSOF QUEENS COURT OF THE WEST, INC. | RAYFORD BULLOCK |
| C2742991 | 4/20/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD HOME AND FOREIGN ROYAL MISSION BOARD, INC. | RAYFORD BULLOCK |
| C2745980 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF 'HIP HOP' 'RAP' 'RHYTHM & BLUES' 'JAZZ' 'GOSPEL' 'SOUL' 'POP' & 'DOO-WOP' MUSIC CULTURE PRESERVATION FOUNDATION, INC. | RAYFORD BULLOCK |
| C2745985 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF AFRICAN AMERICANS RELIGIOUS LEADERS HISTORICAL PRESERVATION MUSEUM, INC. | RAYFORD BULLOCK |
| C2745986 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF AIDS, HIV, STEROID, STEM CELL RESEARCH FOUNDATION, INC. | COUNTESS MARIA LOVE |
| C2745976 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF ANNUAL BLACK HISTORY CELEBRATION COMMITTEE, INC. | RAYFORD BULLOCK |
| C2745979 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF ANNUAL MARTIN LUTHER KING JR., MALCOLM X, THE LATE KING LOUIS H. NARCISSE AND KING DR. EDDIE C. WELBON SUCCESSOR'S BIRTHDAY CELEBRATIONCOMMITTEE, INC. | RAYFORD BULLOCK |
| C2745977 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF BUSINESS, EDUCATION AND TECHNOLOGIES, INC. | RAYFORD BULLOCK |

| | | | | |
|---|---|---|---|---|
| C2749626 | 5/24/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF CULINARY ARTS AND HOSTESS COMMITTEE, INC. | RAYFORD BULLOCK |
| C2745987 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF FATHER'S, MOTHER'S, CHILDREN'S WIVES, HUSBAND'S & FAMILY'S DAY CELEBRATION FOUNDATION, INC. | RAYFORD BULLOCK |
| C2750731 | 6/8/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF FORGIVENESS AND RECONCILIATION COMMISSION, INC. | RAYFORD BULLOCK |
| C2745984 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF HEALTH, EDUCATION, AGRICULTURE, INT'L FARMING, IMPORT-EXPORT COMMODITIES EXCHANGE INSTITUTE, INC. | RAYFORD BULLOCK |
| C2745993 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF INT'L HI-TECH COMPUTER AND BIOTECHNOLOGY TRAINING INSTITUTE, INC. | RAYFORD BULLOCK |
| C2743156 | 4/27/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF LORD MATRONS, PATRONS AND MISSIONARIES, INC. | R BULLOCK |
| C2745989 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF MEMBERSHIP HOMEOWNERS AND INVESTMENTS GROUP, INC. | RAYFORD BULLOCK |
| C2750732 | 6/8/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF MILITARY TRAINING INSTITUTE AND DRILL TEAMS, FOUNDATION, INC. | RAYFORD BULLOCK |

| | | | | |
|---|---|---|---|---|
| C2749627 | 5/24/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF NURSING HOMES AND REHABILITATION CENTERS, FOUNDATION, INC., | RAYFORD BULLOCK |
| C274598B | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF PROGRAM EVENTS COORDINATING COMMITTEE, INC., | RAYFORD BULLOCK |
| C2746072 | 5/10/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF PROTECTIVE MEMBERSHIP HOLDINGS AND FUNERAL ARRANGEMENTS COMMITTEE, INC. | RAYFORD BULLOCK |
| C2745994 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF RELEGIOUS LEGAL ADVISORS AND RESEARCH GROUP, INC., | RAYFORD BULLOCK |
| C2745991 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF SECURITY AND TRANSPORTATION SERVICES, INC. | RAYFORD BULLOCK |
| C274598B | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF SENIOR CITIZENS, PARENTS, AND PERSON WITH DISABILITIES, INC. | RAYFORD BULLOCK |
| C2745978 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF SOCIAL JUSTICE, ECONOMIC DEVELOPMENT, PRISONS MINISTRIES AND HOMELESS SHELTERS FOUNDATION, INC. | R BULLOCK |
| C2745992 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESSOF TITLE HOLDING & TRUST COMPANY, INC. | DR. EDDIE C WELBON |

15

JUDGMENT AFTER TRIAL.

| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
|---|---|---|---|---|
| C2745995 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL CONGRESS OF WEALTH BUILDING AND STARTUP BUSINESS DEVELOPMENT WORKSHOPS FOUNDATION, INC. | RAYFORD BULLOCK |
| C2745982 | 5/5/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION BOARD ROYAL COUNCIL OF MARRIAGE AND ANNUAL INTERNATIONAL AND NATIONWIDE CELEBRATION, INC. | RAYFORD BULLOCK |
| C2750733 | 6/8/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE CORPORATION YOUR ROYAL HIGHNESS HIS GRACE KING DR. EDDIE C. WELBON II, PALACE TRUST FUNDS, INC. | RAYFORD BULLOCK |
| C2742998 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION KINGDOM HEADQUARTERS, INC. | RAYFORD BULLOCK |
| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
| C2742867 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESS OF BUSINESS AND PROFESSIONAL WOMEN, INC. | RAYFORD BULLOCK |
| C2742978 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESS OF BUSINESS, HOUSING, TRADE, ECONOMIC DEVELOPMENT, FOREIGN RELATIONS, FINANCE, TECHNICAL CONSULTANCY, AND BUILDING FUNDS, FOUNDATION, INC. | RAYFORD BULLOCK |
| C2742996 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESS OF LADIES AND DUTCHES, INC. | RAYFORD BULLOCK |
| C2742875 | 4/14/2005 | active | MT. ZION SPIRITUAL TEMPLE, INC., SOLE BOARD CORPORATION ROYAL CONGRESS OF LORD BARONS, INC. | RAYFORD BULLOCK |

| | | | | |
|---|---|---|---|---|
| C2742869 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF LORD BISHOPS,INC.** | RAYFORD BULLOCK |
| C2742870 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF LORD DEACONESS,INC.** | RAYFORD BULLOCK |
| C2742871 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF LORD DEACONS,INC.** | RAYFORD BULLOCK |
| C2742873 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF LORD PUBLIC AFFAIRS DIRECTORS,INC.** | RAYFORD BULLOCK |
| C2742868 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF LORD VISCOUNTS,INC.** | RAYFORD BULLOCK |
| C2742977 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF MUSIC,ARTS AND CULTURAL,INC.** | MARIA LOVE |
| C2742976 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF NURSES, AIDS, AND USHERS,INC.** | RAYFORD BULLOCK |
| C2742872 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL CONGRESS OF ROYAL AMBASSADORS,INC.** | RAYFORD BULLOCK |
| C2742997 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE BOARD CORPORATION ROYAL YOUR HIGHNESS EXCELLENCY PRESIDENT,INC.** | RAYFORD BULLOCK |
| C2743151 | 4/27/2005 | active | **MT. ZION SPIRITUAL TEMPLE, INC.,SOLE CORPORATION BOARD ROYAL CONGRESS OF CHILDREN AND FAMILIES,YOUTH DEVELOPMENT CENTERS,INC.** | RAYFORD BULLOCK |

| | | | | |
|---|---|---|---|---|
| C2743152 | 4/27/2005 | active | **MT. ZION SPIRITUAL TEMPLE,INC., SOLE BOARD CORPORATION ROYAL LIBRARY AND ARCHIVE , INC.** | RAYFORD BULLOCK |
| C2742980 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE,INC.,HIS GRACE HIGHNESS KING LOUIS H. NARCISSE MEMORIAL AND EDUCATIONAL MUSEUM,INC.** | DR. EDDIE C. WELBON |
| C2742979 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE,INC.,SOLE CORPORATION BOARD ROYAL CONGRESS OF PRINCES AND PRINCESS,INC.** | R BULLOCK |
| C2742874 | 4/14/2005 | active | **MT. ZION SPIRITUAL TEMPLE,SOLE BOARD CORPORATION ROYAL CONGRESS OF BUSINESS AND PROFESSIONAL MEN,INC.** | RAYFORD BULLOCK |

and any other corporation filed by each of them using the name MT. ZION SPIRITUAL

TEMPLE, INC are void as the names so closely resembles MT. ZION SPIRITUAL TEMPLE,

INC.,and will tend to deceive, confuse and/or mislead the public;

11.    A permanent injunction is issued against Defendants EDDIE C. WELBON,

RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE

JEFFERSON and any of their agents, servants, employees, successors, representatives,

associates, assignees, and any and all persons acting in concert or participating with them from

filing any corporate document using the name of MT. ZION SPIRITUAL TEMPLE, INC., or

any significant portion thereof;

12.    That all corporate filings by EDDIE C. WELBON, EDDIE WELBON,

RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE

JEFFERSON and any of their agents, servants, employees, successors, representatives,

associates, assignees, and any and all persons acting in concert or participating with them in the

corporation MT. ZION SPIRITUAL TEMPLE, INC., California Corporation Number

C0228488, and/or CORPORATION OF THE PRESIDENT IF THE MT. ZION SPIRITUAL

1  TEMPLE – A CORPORATION SOLE, Corporation Number C0335930; filed with the Secretary

2  of State since April 1, 2005, are declared null and void and have no legal effect whatsoever and

3  are to be stricken by the California Secretary of State;

4      13.    The court makes a judicial determination that EDDIE C. WELBON, RAYFORD

5  BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and

6  any of their agents, servants, employees, successors, representatives, associates, assignees, and

7  any and all persons acting in concert or participating with them are not now, and have never

8  been, legitimate members or board members of MT. ZION SPIRITUAL TEMPLE, INC.;

9      14.    The court makes a judicial determination that the election of April 28, 2005, held

10 by EDDIE C. WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO

11 OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors,

12 representatives, associates, assignees, and any and all persons acting in concert or participating

13 with them in Sacramento, California, was without legal authorization by MT. ZION SPIRITUAL

14 TEMPLE INC., and is declared null and void and without any force and effect as to MT. ZION

15 SPIRITUAL TEMPLE INC.;

16     15.    The court makes a judicial determination that any and all actions taken by EDDIE

17 C. WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE

18 MAE JEFFERSON and any of their agents, servants, employees, successors, representatives,

19 associates, assignees, and any and all persons acting in concert or participating with them, using

20 the name MT. ZION SPIRITUAL TEMPLE, INC., or any form thereof, are declared null and

21 void and have no legal force and effect;

22     16.    The court makes a further judicial determination that any and all documents

23 executed by EDDIE C. WELBON, EDDIE WELBON, RAYFORD BULLOCK, LEON

24 ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents,

25 servants, employees, successors, representatives, associates, assignees, and any and all persons

1  acting in concert or participating with them purporting to be on behalf of MT. ZION

2  SPIRITUAL TEMPLE, INC., or using the name MT. ZION SPIRITUAL TEMPLE, INC., or any

3  portion thereof, are declared null and void and without any legal force and effect;

4      17.    The court makes a judicial determination that EDDIE C. WELBON, EDDIE

5  WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE

6  MAE JEFFERSON and any of their agents, servants, employees, successors, representatives,

7  associates, assignees, and any and all persons acting in concert or participating with them had no

8  legal authority or right or authorization to procure a loan on MT. ZION SPIRITUAL TEMPLE,

9  INC.,'s real properties located at 760 Calmar Avenue and 1488 14th Street, both in the City of

10  Oakland, California;

11      18.    The court makes a judicial determination that MT. ZION SPIRITUAL TEMPLE,

12  INC., did not receive any benefits from any loan proceeds and any such liens created by the

13  loans secured by EDDIE C. WELBON or EDDIE WELBON against MT. ZION SPIRITRUAL

14  TEMPLE INC.,'s properties located at 760 Calmar Avenue, in the City of Oakland, California

15  and 1488 14th Street, in the City of Oakland, California, and that such loans and any resulting

16  liens are hereby declared to be null and void and not the liability of MT. ZION SPIRITUAL

17  TEMPLE, INC.;

18      19.    The court makes a judicial determination that the deed of trust recorded on 712

19  Blossom Avenue in the City of Hayward, California, Alameda County Recorder Number

20  2006428567, recorded on November 17, 2006, was not authorized by MT. ZION SPIRITUAL

21  TEMPLE, INC., and that MT. ZION SPIRITUAL TEMPLE, INC., did not receive any monetary

22  or financial benefits nor did it provide the funds for any said loan, and the deed of trust is hereby

23  declared null and void and without any legal effect;

24      20.    The court makes a judicial determination that MT. ZION SPIRITUAL TEMPLE,

25  INC., does not have any interest in the real properties located at 1504 Union Street, 1606 14th

1  Street, 4022 Balfour Avenue, all in the City of Oakland California; 1552 Alcatraz Avenue in the

2  City of Berkeley, California; 712 Blossom Avenue in the City of Hayward, California and that

3  any deed, deed of trust lien, obligation or benefit or any document recorded under the name of

4  MT. ZION SPIRITUAL TEMPLE, INC., or any portion thereof, by Defendants EDDIE C.

5  WELBON, EDDIE WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO

6  OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors,

7  representatives, associates, assignees, and any and all persons acting in concert or participating

8  with them, and each of them, are hereby declared null and void and have no legal  force and

9  effect;

10     21.    The court makes a judicial determination that EDDIE C. WELBON, RAYFORD

11  BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE and LILLIE MAE JEFFERSON

12  caused an inappropriate reassessment of MT. ZION SPIRITUAL TEMPLE INC., properties

13  located at 760 Calmar Avenue and 1488 14th Street, both in the City of Oakland, California, and

14  that the non-profit tax status of said properties should revert to the April 1, 2005 status prior to

15  any actions by Defendants EDDIE C. WELBON, RAYFORD BULLOCK, LEON

16  ROUNDTREE, JR., OROBO OSAGIE and LILLIE MAE JEFFERSON;

17     22.    That the crown, cape and scepter and any other church property taken by EDDIE

18  C. WELBON, EDDIE WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO

19  OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors,

20  representatives, associates, assignees, and any and all persons acting in concert or participating

21  with them, are and each of them is, the property of MT ZION SPIRITUAL TEMPLE, INC., and

22  are to returned immediately to the Defendant MT. ZION SPIRITUAL TEMPLE INC.; and

23     23.    That MT. ZION SPIRITUAL TEMPLE, INC., is awarded its costs of suit against

24  the Cross-Defendants and each of them per a Memorandum of Costs.

25

1  IT IS SO ORDERED.

2  Dated:  FEB 0 7 2007            CECILIA CASTELLANOS

3                                  JUDGE OF THE SUPERIOR COURT

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

.

EXHIBIT B

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BISHOP GERALD PATTERSON, et al.,

Plaintiff,

v.

CLINTON KILLIAN, et al.,

Defendants.

No. C 07-00951 CRB

**MEMORANDUM AND ORDER**

This dispute involves the Mt. Zion Spiritual Temple in Oakland, California. Now pending before the Court are the motions to dismiss of defendants "US Attorney" and Clinton Killian. Plaintiffs have not filed an opposition and have not otherwise communicated with the Court. After reviewing the moving papers, including the matters of which this Court takes judicial notice, the Court concludes that oral argument is unnecessary and DISMISSES this action for failure to state a claim and for lack of subject matter jurisdiction.

**BACKGROUND**

The lead plaintiff, Bishop Eddie Welbon, filed a lawsuit in 2005 in the Alameda Superior Court about the same dispute and against many of the same defendants as are named in this action. On February 7, 2007, the Superior Court, the Honorable Cecilia Castallanos, issued a judgment after a court trial in favor of the defendants. Among other

1  matters, plaintiff Eddie Welbon was enjoined from using the name "Mt. Zion Spiritual

2  Temple, Inc." and recording deeds in the name of the Temple. The court also deemed

3  various deeds that Welbon had filed in the name of the Temple null and void.

4      Welbon and others proceeding pro se responded approximately one week later by

5  filing this federal action. The complaint names a litany of defendants, including various

6  attorneys, the State Attorney General and the US Attorney. It also purports to make several

7  federal claims: First Amendment free exercise; First Amendment freedom of association;

8  Freedom of contract and property; Establishment Clause; and Equal Protection.

9  According to the docket, no proofs of service have been filed; however, the US Attorney has

10 moved to dismiss for failure to state a claim and lack of jurisdiction. Also, a

11 lawyer/defendant, Clinton Killian, has moved to dismiss.

12 <div align="center">**DISCUSSION**</div>

13 **A.    The complaint fails to state a claim against a government actor**

14     The amended complaint identifies six government actors/entities in the caption: the

15 US Attorney; the State Attorney General Jerry Brown; the California Secretary of State; Bob

16 Orloff, the Alameda County District Attorney; and Bob Connor, an investigator with the

17 Alameda County District Attorney's Office; and Alameda County Superior Court judge

18 Cecilia Castellanos. The complaint itself, however, does not include any allegations as to the

19 US Attorney, Attorney General Brown or the California Secretary of State. Accordingly, the

20 complaint does not state a claim as to these defendants and the claims against them must be

21 dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As it is apparent from the

22 allegations of the complaint that plaintiffs will not be able to state a claim against these

23 defendants, and because plaintiffs have not opposed the motions to dismiss, the dismissal is

24 without leave to amend.

25     Plaintiffs sue the Honorable Cecilia Castellanos because she granted judgment against

26 them and entered an injunction. They contend she was defrauded by some of the defendants

27 here, and was aware of that fraud, but nonetheless granted judgment against Welbon. Judge

28 Castellanos is entitled to absolute immunity from these charges and therefore the claims

<div style="writing-mode: vertical-lr;">**United States District Court**
**For the Northern District of California**</div>

<div align="center">2</div>

United States District Court
For the Northern District of California

1  against her, too, must be dismissed. The allegations of the complaint establish that she was

2  acting in her judicial capacity and is therefore entitled to absolute judicial immunity for those

3  acts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies

4  'however erroneous the act may have been, and however injurious in its consequences it may

5  have proved to the plaintiff.'" Id. (internal citation omitted).

6         The only allegations against Alameda DA Investigator John Connor are that he

7  "combine[d] with defendants to maliciously, illegally and intentionally harass, intimidate,

8  abuse the legal processes of the court to interfere, disrupt the Church and its hierarchical

9  order." Complaint ¶ 44. Plaintiffs similarly allege that defendants "influence[d] the

10  Alameda County District Attorney's office to meddle, intertwine, emboss, interweave, insert,

11  and immerse itself into the Church's daily operations, and the Church's internal affairs."

12  Id. ¶ 46  These allegations are far too vague to state a federal claim; accordingly, the claims

13  against John Connor and the Alameda County District Attorney must be dismissed  As

14  plaintiffs have not filed an opposition to the motions to dismiss, and as the allegations of the

15  complaint and the facts set forth in the Alameda Superior Court's judgment demonstrate that

16  leave to amend would be futile, the claims against the Alameda District Attorney defendants

17  are dismissed without leave to amend.

18  **B.**    **The complaint fails to state a federal claim**

19         Having dismissed the government actor defendants for failure to state a claim, it

20  becomes apparent that the complaint does not and cannot state a federal claim under section

21  1983. The only remaining defendants are non-government private actors. Private defendants

22  cannot be liable under this civil rights statue unless they conspired or acted jointly with state

23  actors to deprive the plaintiffs of their constitutional rights. See United Steel Workers of

24  American v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989). As is set forth

25  above, the complaint does not adequately allege such a conspiracy; conclusory allegations of

26  a conspiracy are insufficient. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266,

27  268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights

28  violations are not sufficient to withstand a motion to dismiss."); see also Stonecipher v. Bray,

1  653 F.2d 398, 401 (9th Cir. 1981) ("Section 1983 allows a party to bring a civil action for
2  constitutional deprivations against persons acting under color of state law").

3        The section 1981 and 1985(3) claims also fail as a matter of law. These statutes
4  "address equal rights under the law and are intended to protect citizens against racial
5  discrimination." Stonecipher, 653 F.2d at 401. Nowhere in their complaint do plaintiffs
6  allege that they are the victims of racial or other class-based invidiously discriminatory
7  action. The purported claims pursuant to 42 U.S.C. section 1982 fail for the same reason.
8  West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1527 (9th Cir. 1990) ("Racial
9  discrimination must be shown to state a colorable Section 1982 claim.")

10        Accordingly, all of the federal claims must be dismissed. As leave to amend would be
11  futile for the reasons explained above, the dismissal is with prejudice.

12  **C.    The Court declines to exercise supplemental jurisdiction**

13        Without the federal claims there is no basis for federal jurisdiction and the Court
14  declines to exercise supplemental jurisdiction of the remaining state law claims; instead, the
15  state law claims will be dismissed without prejudice.

16  **D.    Rooker-Feldman Doctrine**

17        Plaintiffs' complaint must be dismissed for a second reason: it is barred by the
18  Rooker-Feldman doctrine. The Rooker-Feldman doctrine generally bars federal district
19  courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a
20  state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). The
21  Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired
22  its name: cases brought by state-court losers complaining of injuries caused by state-court
23  judgments rendered before the district court proceedings commenced and inviting district
24  court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic
25  Industries Corp., 544 U.S. 280, 284 (2005).

26        Plaintiffs are state-court losers using this action as a "de facto appeal" of the judgment
27  of the Alameda Superior Court. Plaintiffs explicitly seek a declaratory judgment order from
28  this Court declaring the state court judgment vague and overbroad and unconstitutional.

United States District Court
For the Northern District of California

4

Complaint at p. 14. The timing of this action–filed one week after the Alameda Superior

Court judgment–further demonstrates that it is an improper attack on a state court judgment.

For this reason, too, plaintiffs' complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the complaint fails to state a federal claim;

accordingly, the federal claims are dismissed without leave to amend. As there is no other

basis for federal jurisdiction, and as the Court declines to exercise supplemental jurisdiction

of the remaining state law claims, the state law claims are dismissed without prejudice. The

complaint is also dismissed on the alternative ground that it is barred by the Rooker-Feldman

doctrine.

**IT IS SO ORDERED.**

Dated: June 5, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BISHOP GERALD PATTERSON et al,

        Plaintiff,

  v.

CLINTON KILLIAN et al,

        Defendant.

_____/

Case Number: CV07-00951 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Betty Johnson
714 Blossom Way
Hayward, CA 94541

Eddie C. Welbon
714 Blossom Way
Hayward, CA 94541

Gerald Patterson
714 Blossom Way
Hayward, CA 94541

Grace Jefferson
714 Blossom Way
Hayward, CA 94541

Gregory Richardson
714 Blossom Way
Hayward, CA 94541

Lillie Mae Jefferson
714 Blossom Way
Hayward, CA 94541

Rayford Bullock
714 Blossom Way
Hayward, CA 94541

Theo Frazier
714 Blossom Way
Hayward, CA 94541

Dated: June 5, 2007

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk

EXHIBIT C

*4668001*

Clinton Killian, SB 116501
THE LAW OFFICE OF CLINTON KILLIAN
Leamington Building
1814 Franklin Street, Suite 805
Oakland, CA 94612-3527
Telephone: (510) 625-8823
Facsimile: (510) 625-8829

Attorney for Defendant/Cross-Complainants
MOUNT ZION SPIRITUAL TEMPLE, INC.
And PRINCESS LILLIAN ROBERTS

**F I L E D**
ALAMEDA COUNTY

DEC 2 6 2006

CLERK OF THE SUPERIOR COURT
By _Miriam Chen_
                              Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| DR. EDDIE C. WELBON,<br><br>Plaintiff,<br><br>v.<br><br>MOUNT ZION SPIRITUAL TEMPLE, INC., a California Religious Corporation; ESTATE OF LOUIS H. NARCISSE; PRINCESS LILLIAN ROBERTS; and DOES 1 through XXXXX.<br><br>Defendants, | Case No.: RG 05 199540<br>RG 05 227003 CONSOLIDATED<br><br>DEFENDANT/CROSS-COMPLAINANT MT. ZION SPIRITUAL TEMPLE, INC.'S, TRIAL BRIEF<br><br>Date:     December 27, 2006<br>Time:     9:00 a.m.<br>Dept.:     18 |

And Related Actions.

### STATEMENT OF FACTS

This is a case involving a complaint for breach of contract and intentional infliction of emotional distress filed by Plaintiff EDDIE WELBON ("Plaintiff") against MT. ZION SPIRITUAL TEMPLE, INC., a church located in Oakland, CA, and LILLIAN ROBERTS, at the time, chair of the board of directors of MT. ZION. It also involves a cross complaint by the church for fraud , breach of contract unfair competition declaratory relief and conspiracy. Also the church filed a cross complaint to cancel deeds, quiet title that was consolidated with this action.

1    Plaintiff WELBON also sued the state of Estate of Louis Narcisse and Lillian Roberts as co-

2  administrator of the estate of Louis Narcisse, the founder of Mt. Zion Spiritual Temple, Inc., who died

3  in 1989. His estate is still being probated in Alameda County. See Estate of Louis Narcisse Alameda

4  County Superior Court Case No 235-161-6.

5    MT. ZION SPIRITUAL TEMPLE INC. is a nondenominational, non-hierarchical independent

6  church located at 1488 14th Street in Oakland, California. It was founded in 1943 and incorporated in

7  1948 by its original pastor King Louis Narcisse. After his death in 1989, his followers continued his

8  church.

9    Since its inception, the church accumulated properties throughout Northern California

10 including, but not limited to 760 Calmar Ave and 1488 14th Street, Oakland, California. In 1957,

11 Revered Narcisse established a corporation in which to hold the properties purchased on behalf of MT.

12 ZION called The Corporation of the President of the Mt. Zion Spiritual Temple, a Corporation Sole,

13 California Corporation number C0335930. Revered Narcisse transferred title of MT. Zion's properties

14 to this corporation, including the properties at 760 Calmar Ave. and 1488 14th Street.

15

16    After Rev. King Narcisse's death, the church and his estate became involved in a dispute

17 regarding the ownership of the properties. In addition, some claimed heirs of Narcisse, along with

18 dissident members filed a lawsuit. See Mt. Zion et al. v. Roberts, Estate of Louis Narcisse,

19 Alameda County Superior Court Case No. 657 863-9.

20    In 1994, a settlement was reached in the lawsuit. As part of the settlement, some of the

21 properties were transferred to the estate. The church's sanctuary at 1488 14th St., and the 760 Calmar

22 Ave. property remained in possession of the church and title was held by the corporation of the

23 president. In addition, the Calmar Ave. property was transferred to the church to be used solely as a

24 memorial and for church activities only. The church continued to function at its 1488 14th Street

25 sanctuary and the Calmar property was used as a memorial to the late Revered King Narcisse. The

bylaws were to be amended to include new provisions. See Mt. Zion v. Roberts, Alameda County

Superior Court Case No. 657 863-9. As result of the court order approving the settlement, the 760

TRIAL BRIEF

1    Calmar deed, Mt Zion's articles of incorporation and the bylaws were amended to read:

2            The real property located at 760 Calmar...shall be maintained by Mount
             Zion, exclusively as a memorial to the work of Louis Narcisse, and related
3            church purposes consistent with the writings and teachings of Louis
             Narcisse. This provision cannot be further amended without the
4            unanimous consent of the members of Mount Zion.

5        The original by-laws of the church were adopted in 1948. They did not include the process to

6    become a member of the church, but defined the rights of members. The church established a set of

7    rules and procedures to become a member and documented them as early as 1965. The church also

8    created a set of strict rules regarding the conduct of its services, rituals, and other member activities.

9    The by-laws contain defined rules regarding meetings of members, special meeting, elections of

10   directors, filing vacancies, and amending the by laws. For years the church was represented by an

11   attorney, the last one Joseph Russell CA Bar # 54463 who resigned in 2004.

12       In September 2004 the church membership was approximately 45 members and held its 61st

13   Annual Congress. The Board of Directors of the church in September 2004 were:

14       Lillian Roberts, President, CEO; Lola Wilson Young Secty/Treas; Catherine Brown, Fin Secty;
         Bishop Arthur Burnett, pastor; Gail Lewis; Queen V. Holliday; Mary Ann Raymond; Helen Butler;
15       Richard Herron; Carla Estell; Eloise Mc Daniels; and Doris Porter

16

17       On or about September 27, 2004, MT. ZION SPIRITUAL TEMPLE, located at 1488 14th Street,

18   Oakland, California, was severely damaged by a fire. The sanctuary was unusable and many of the

19   church records were destroyed. After the fire, the church began holding religious services at other

20   churches each Sunday. The church conducted its business meetings at the 760 Calmar Ave. property.

21   The church board worked hard to keep its members informed and still part of church activities.

22       Right after the fire, the church became embroiled in a dispute with its insurance company

23   regarding coverage of the fire. Defendant ROBERTS, who was chairperson of the board of directors,

24   was approached by Plaintiff WELBON, who offered his assistance to obtain insurance coverage for the

25   fire. WELBON was not a member of the church and had not had any prior involvement with the

     church.

WELBON held himself out as the head of a company called American Legal Services, Inc. He also gave Ms. Roberts business cards identifying other companies and professional licenses he headed and held, including, but not limited to, Commander, Veterans of Foreign Wars of the United States, San Francisco Post; commodities trader, Global International Marketing Network, Inc.; and loan broker, World Lending Group.

He represented to Defendant ROBERTS that he was an expert in insurance matters, construction, fundraising and other matters necessary for funding the rebuilding of the church. Plaintiff also represented that he had numerous resources, including an attorney, Leon Roundtree Jr., at his disposal, to benefit the church. WELBON explained to ROBERTS that in order to assist her, it would be necessary for her to execute a contract and a power of attorney agreement drawn up by his attorney.

Based on these representations, Ms. Roberts executed a contract that was dated October 2, 2004, but signed later, prepared by Plaintiff to obtain his assistance in securing insurance proceeds from the fire, raising other funds to rebuild the property, and to oversee and manage the reconstruction of the church. He did not give them a copy of the documents after the execution. Soon thereafter, they could not reach WELBON and received no response from him.

On November 9, 2004, Defendant Roberts and other members of the church finally obtained copies of the documents they had signed for Plaintiff. They discovered that the documents contained more terms and conditions than they first reviewed and numerous additions they did not understand or realize, such as a power of attorney giving Welbon and Leon Roundtree full authority to manage all of the financial affairs of the individuals as well as the church and the Estate of Louis Narcisse. On November 12, 2004, Defendant Roberts terminated the agreement and cancelled the power of attorney. See Alameda County Recorded Instrument Number 2004506602.

WELBON informed ROBERTS that he had an "irrevocable" contract and power of attorney that could not be breached. He further stated that he did not recognize her authority to cancel the contract and would continue to manage the church and estate's affairs.

1    After research, it appeared that numerous of WELBON'S representations were false. First,

2   American Legal Services, Inc. was a defunct corporation that did not exist, and had no assets. Second,

3   EDDIE C. WELBON is neither a licensed commodities trader nor a licensed real estate broker. Third,

4   WELBON is not affiliated with VFW was sued by the VFW for falsely using their name and an

5   injunction ordered against him prohibiting the use of the organizations name in any matter whatsoever.

6   **Disabled American Veterans v. Welbon** San Francisco County Superior Court Case # CGC-03-

7   420776

8    In addition, WELBON is a twice convicted felon, the latest conviction involving mail fraud, for

9   fraudulently obtaining a loan on a church he pastored, Pleasant Hill Missionary Baptist Church in San

10  Francisco, California. See **United States v. Eddie C. Welbon, Northern District of California case**

11  **Number 98-0105-01 SI.**  He was also sued civilly by the church to recover the funds of the church that

12  the stole, an eerily similar way that he has tried to steal Mt Zion assets. See **Eddie C. Welbon v.**

13  **Pleasant Hill Missionary Baptist Church, San Francisco Superior Court Case Number 401143.**

14   Also, Leon Roundtree, Jr. was not a licensed attorney, having resigned with charges pending

15  from the California State Bar on January 26, 2001. See **California State Bar Public Records Leon**

16  **Roundtree Jr. State Bar Number 53029.**

17   For several weeks, WELBON called ROBERTS and other church members claiming that he had

18  "irrevocable contract and power of attorney" and he would continue to take money on behalf of the

19  church and manage the church and the estate's properties and financial affairs.

20   The next time the church heard from WELBON was after February 23, 2005, when in this

21  present case, WELBON sued MT. ZION, ROBERTS and The Estate of Louis Narcisse. On April 6,

22  2005, Defendants filed a demurrer to the complaint which was granted with leave to amend. On May

23  13, 2005, Plaintiff WELBON filed a second amended complaint against Defendants.

24   At no time did WELBON or any of his cronies claim to be members of MT. ZION. At no time

25  had WELBON or any of his associates attend services of MT. ZION. At no time were WELBON or any

of his associates members of the Board of Trustees of MT. ZION, or officers in any way whatsoever.

5-
TRIAL BRIEF

1   Nevertheless, in April 2006, WELBON began his attempt to literary steal MT. ZION'S

2   corporate identity. WELBON and his associates created over 40 corporations all using the name "Mt.

3   Zion Spiritual Temple, Inc." Each corporation named WELBON as the head of the corporation.

4   WELBON and his cronies also placed their names on the corporation sole created by Reverend Narcisse

5   in 1957 to purchase real property. They filed false Articles of Incorporation claiming that they were the

6   legitimate Board of MT. ZION.

7         On April 28, 2005, WELBON and his cronies, none of whom were ever members of MT. ZION,

8   held a meeting in Sacramento, CA of "the special international, national, state, local and general

9   membership meeting of the Mt. Zion Spiritual Temple, Inc." They also referred to it as "Mt. Zion

10  Spiritual Temple, Inc. Sole Board, international, national, state and local board of directors – general

11  membership, birthday and special business meeting".

12        At this meeting, WELBON proclaimed himself "the new Your Highness His Grace King",

13  "Chief Consultant-Agent". These actions were taken by people who were not members of MT. ZION,

14  with no notice to the board and/or members of MT. ZION and without any legal basis whatsoever. It

15  was literally nothing more than corporate identity theft. They called this so-called "election" two weeks

16  after they filed corporate documents asserting that they were the officers and directors of MT. ZION.

17        WELBON and his associates then attempted to take MT. ZION'S property. They first tried to

18  stop the sale of a vacant lot at 1604 14th Street, Oakland, CA. They then broke into the Calmar Ave

19  property, stealing numerous church artifacts, including King Narcisse's crown, cape and scepter and

20  literally tried to squat into the property. The police were called over 30 times to stop the break-ins and

21  they eventually were evicted from the property.

22        They also filed a complaint in the probate court claiming they were the heads of the estate of

23  Louis Narcisse and they wanted the court to return all the property transferred by the 1994 settlement to

24  their possession and control.

25        In July 2005, WELBON and his associates attempted to transfer the Calmar Ave property from

    MT. ZION to one of the over 40 phony corporations WELBON had created. They then tried to transfer

1  the property from this phony corporation to third parties in order to sell the property.  Since the, they

2  recorded 18 deeds transferring the church's property at 760 Calmar Ave. and 1488 14th Street into one

3  of their phony corporations in an attempt to refinance the property and/or sell it.  They also filed deeds

4  transferring property that was currently held in the estate, or had been sold years ago to bona fide

5  purchasers, claiming that they were now the owners of the property.

6      On August 9, 2005, the church found out about this property theft and filed a complaint for

7  cancellation of deed and quiet title.  See Alameda County Superior Court Case No RG 05227003.

8  On January 19, 2006, the cases were consolidated by the CMC judge under case number RG 05199540.

9      Since then, WELBON and his associates have spent the last year creating more corporations

10  using MT. ZION'S name (there are over 60 now), suing the Estate of Louis Narcisse, attempting to gain

11  title to the Calmar Ave. property, and being sued by the bona fide purchasers of the previous properties.

12  See Chorneau v. Welbon Alameda County Superior Court Case No. RG06283422.  In addition, Mr.

13  Welbon filed a lawsuit against the estate of the church founder, who is represented by Steven

14  Bovarnick.  Mt Zion v. Roberts Alameda County Superior Court Case # RG 06-254338.

15      Welbon's actions have now become outright criminal.  Unbeknownst to the church, in June

16  2006, he obtained a $250,000.00 loan against the Calmar Ave. property.  He took the church's equity

17  and used the money for his own personal benefit.  He submitted false and fraudulent documents to the

18  title company in order to obtain the loan.

19      When MT. ZION alerted the title company and the lender of the fraudulent behavior, they

20  voided the deed of trust.  In November 2006, WELBON continued his criminal activity by obtaining a

21  $500,000.00 loan against the Calmar property.  The deed of trust has not been processed or recorded and

22  we have not been able to obtain documentation of this loan having only found out about it on or about

23  December 5, 2006.

24      Also, a brief check of the basic pleadings shows that Mr. Welbon is involved in several lawsuits

25  involving his attempt to steal other persons' and churches' property as follows:

1  <u>Disabled American Veterans v. Welbon</u> San Francisco County Superior Court Case # CGC-03-

2  420776

3  <u>Welbon v. Pleasant Hill Missionary Baptist Church</u> San Francisco County Superior Court Case #

4  CGC 01 401143

5  <u>Sentell v. Welbon</u>, San Francisco County Superior Court Case # CGC-04-429924

6  <u>Simpson v. Welbon</u> San Francisco County Superior Court Case # CGC-01-313771

7  <u>The Conservatorship of Odessa Beachem v. Welbon</u> Alameda County Superior Court Case #

8  RP05215816

9  <u>Chorneau v. Welbon</u> Alameda County Superior Court Case # RG06283422

10  <u>Welbon v. Soard</u> Alameda County Superior Court Case # RG05204389

11  <u>Bullock, Welbon v. Bank of America</u>, Alameda County Superior Court Case # RG05225255

12  <u>Mt. Zion Spiritual Temple, Inc., v. Arthur Bennett, et al.</u> Alameda County Superior Court Case #

13  HG06280307

14  <div align="center">LEGAL ISSUES</div>

15  WELBON'S CLAIMS : Plaintiff must prove the essential terms of a contract  of responsibilities breach

16  causation of damages and actual damages.  WELBON'S complaint is without merit because he cannot

17  prove the essential terms of an agreement.  WELBON purported the contract was procured by fraud and

18  is voided.  He fraudulently misrepresented to MT. ZION that he had expertise in insurance, finance,

19  construction and other matters.  His corporation was a suspended, void corporation.  His legal expert,

20  Leon Roundtree is a disbarred attorney.  Further, he performed no services whatsoever and simply was

21  attempting to use MT. ZION'S tragic fire as a way to fraudulent raise funds for his sole, personal

22  purposes. He performed no services

23          The contract is also void because the power of attorney is void on its face in that the probate

24  court has exclusive jurisdiction to name the administrator of an estate and the administrator cannot

25  assign their duties under power of attorney.  Only a court order can remove an administrator and

authority to administer an estate can only be given by a court of competent jurisdiction. See Probate

code sections 7050 8400

<div align="center">8-<br>TRIAL BRIEF</div>

1  Mt Zion request a declaration of the court that Welbon and his gang are not members of the church and

2  cannot use its name or have access to its property. CCP section states:

3      Any person interested under a written instrument, excluding a will or a trust, or under
    a contract, or who desires a declaration of his or her rights or duties with respect to

4      another, or in respect to, in, over or upon property, or with respect to the location of
    the natural channel of a watercourse, may, in cases of actual controversy relating to

5      the legal rights and duties of the respective parties, bring an original action or cross-
    complaint in the superior court for a declaration of his or her rights and duties in the

6      premises, including a determination of any question of construction or validity arising
    under the instrument or contract. He or she may ask for a declaration of rights or

7      duties, either alone or with other
    relief; and the court may make a binding declaration of these rights or duties, whether

8      or not further relief is or could be claimed at the time. The declaration may be either
    affirmative or negative in

9      form and effect, and the declaration shall have the force of a final judgment. The

10      declaration may be had before there has been any breach of the obligation in respect
    to which said declaration is sought.

11

12      Mt Zion seeks a court order to determine that Welbon and his gang are not member of the church

13  and have no rights to the church's property . Mt Zion also seeks a determination that Welbon cannot

14  use the Mt Zion name in any manner whatsoever.

15      WELBON and his associates were never members of MT. ZION. They never attended services,

16  they never went through any type of membership process, nor were they elected to any boards or offices

17  in any manner whatsoever. Nevertheless, despite that fundamental issue, starting on or about April 14,

18  2006, they began filing documents and creating corporations and filing amendments to Articles of

19  Incorporation claiming that they were the officers and directors of MT. ZION.  On April 28, 2005, they

20  then held a sham election with persons who were not members of MT. ZION, and never gave notice to

21  the current board and officers of MT. ZION at all. They claimed they held an election at a restaurant in

22  Sacramento for a church located in Oakland. They used the names of their numerous phony

23  corporations and claimed that that was the same as the church, MT. ZION.

24      Corporation Code §9310 states that membership in a corporation is determined by its bylaws.

25  MT. ZION'S bylaws regarding membership do not explicitly define membership.  However, the church

    established an extensive procedure in order to become a member. WELBON and his associates never

1    attended service at the church, never went through any type of membership procedure and were never

2    members of MT. ZION.

3        Welbon and his gang had no authority to hold meetings of MT Zion. Article I, Sections 1 and 2

4    of MT. ZION'S bylaws clearly define how meetings of members are held as follows:

5        1.    The annual meeting of the members shall be held each year at the Mt. Zion Spiritual
     Temple on the first Monday in June, one of the purposes of which shall be the election of the Board of
6    Trustees.

7        2.    A special meeting of the members may be called at any time by the president or by a
     majority of the Board of Trustees. The method by which such meeting may be called is as follows: On
8    receipt of a specification in writing setting forth the date and objects of such proposed special meeting,
     signed by the president, or by a majority of the Board of Trustees, the executive secretary or secretary
9    shall prepare, sign and mail the notices requisite to such meeting. Such notice may be signed by the
     executive secretary or secretary. At least three days prior to the date fixed for the holding of any special
10   meeting of members, written notice of the time, place and purposes of such meeting shall be mailed, as
     hereinafter provided, to each member entitled to vote at such meeting. No business not mentioned in the
11   notice shall be transacted at such meeting.

12       The by-laws do define how elections are to be held. None of this procedure was followed at this

13   alleged April 2005 meeting. Elections were not held by the President or any member of the board of

14   trustees. The election was not called by the President or the board of trustees. WELBON and his

15   associates were neither members, nor trustees and could not have called an election. No directors or

16   members called this election and no notice was given to the board of trustees or the members of MT.

17   ZION. WELBON and his associates created a fraud that they have perpetuated throughout this matter.

18   They claimed themselves the head of the church, created all of these phony corporations to confuse the

19   name of the church, then held a false election of non-members, then claimed that they were elected. The

20   foundational issues of their claims do not exist.

21       FRAUD is defined by CC section 1572 as

22   1572. Actual fraud, within the meaning of this Chapter, consists in any of the following acts,
     committed by a party to the contract, or with his connivance, with intent to deceive another party
23   thereto, or to induce him to enter into the contract:
        1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
24      2. The positive assertion, in a manner not warranted by the information of the person making it, of
     that which is not true, though he believes it to be true;
25      3. The suppression of that which is true, by one having knowledge or belief of the fact;
        4. A promise made without any intention of performing it; or,
        5. Any other act fitted to deceive.

WELBON made representations to MT. ZION that he had extensive experience in fundraising,

finance, legal consultation, construction, insurance coverage and other matters. These representations

turned out to be false. WELBON is a twice convicted felon with no expertise in these areas. Mr.

Roundtree is a disbarred attorney and cannot practice law, perform legal services, draw up legal

documents or represent the church in any legal matter. American Legal Services, Inc. is not a valid

corporation in California, having been suspended from operation.

UNFAIR BUSINESS PRACTICES B&P CODE §17200 et al.

17200. As used in this chapter, unfair competition shall mean and include any unlawful, unfair or
fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act
prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and
Professions Code.

17203. Injunctive Relief--Court Orders Any person who engages, has engaged, or proposes to engage
in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such
orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or
employment by any person of any practice which constitutes unfair competition, as defined in this
chapter, or as may be necessary to restore to any person in interest any money or property, real or
personal, which may have been acquired by means of such unfair competition. Any person may pursue
representative claims or relief on behalf of others only if the claimant meets the standing requirements
of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations
do not apply to claims brought under this chapter by the Attorney General, or any district
attorney, county counsel, city attorney, or city prosecutor in this state.

The essence of the tort of unfair competition is the inequitable pirating of the fruits of another's

labor and either palming off those fruits as ones own or simply gaining an unearned commercial benefit

from them. KGB Inc. v. V. Giannoulas (1980) 104 CA3d 844, 164 Cal Rptr 571; Bank of the West

v. Superior Court (1992) 2C 4th 1254, 10CR2d 538. The prescription in the statute against unfair

competition are not restricted to deceptive or fraudulent conduct, but extend to any unlawful business

practice. The court may enjoin ongoing wrongful business conduct in whatever context such activities

may occur. People v. Dollar Rent-a-Car System, Inc. (1989) 211 CA3d 119, 259 Cal Rptr 191. To

state a cause of action under BNP Code §17200, it is necessary only to show that members of the public

are likely to be deceived. Allegations of actual deception, reasonable reliance and damages are not

1   necessary. **Committee on Children's TV v. General Food Corp. (1983) 35 C3d 197, 197 Cal Rptr**

2   **783.**

3       In this case, WELBON'S unfair business practices include using MT. ZION SPIRITUAL

4   TEMPLE, INC'S name to create over 60 corporations and attempting to use this confusing name to take

5   and abscond with MT. ZION'S real and personal property. He literally has stolen MT. ZION'S

6   corporate identity and has attempted to steal its assets as well. The court should issue an order

7   prohibiting WELBON from using MT. ZION SPIRITUAL TEMPLE, INC. in any manner whatsoever.

8   Mt Zion request that the court void Weldon's use if its name and issues a permanent injunction against

9   his use. In **Corporation Code §201(b)** states in relevant part:

10      (b) The Secretary of State shall not file articles which set forth a name which is
    likely to mislead the public or which is the same as, or resembles so closely as to tend to
11  deceive, the name of a domestic corporation, the name of a foreign corporation which is
    authorized to transact intrastate business or has registered its name pursuant to Section 2101, a
12  name which a foreign corporation has assumed under subdivision (b) of Section 2106 or a
    name which will become the record name of a domestic or foreign corporation upon the
13  effective date of a filed corporate instrument where there is a delayed effective date pursuant to
    subdivision (c) of Section 110 or subdivision (c) of Section 5008, or a name which is under
14  reservation pursuant to this section, Section 201, Section 5122, or Section 7122, except that a
    corporation may adopt a name that is substantially the same as an existing domestic or foreign
15  corporation which is authorized to transact intrastate business or has registered its name
    pursuant to Section 2101, upon proof of consent by such corporation and a finding by the
16  Secretary of State that under the circumstances the public is not likely to be misled.   The use
    by a corporation of a name in violation of this section may be enjoined notwithstanding the
17  filing of its articles by the Secretary of State.

18

19      As a result, MT. ZION requests that the court issue an order that:

20      1.      WELBON and his associates are not members of MT. ZION and that the April 28, 2005

21  meeting was invalid:

22      2.      The court issues a permanent injunction barring WELBON and any other non-members

23  from using the name MT. ZION SPIRITUAL TEMPLE, INC in any manner whatsoever;

24      3.      The court issues a permanent injunction barring WELBON and any of his associates

25  from recording any deed whatsoever regarding MT. ZION's real property located at 760 Calmar Ave.

    and 1488 14th Street, Oakland, California.

                                        -12-
                                     TRIAL BRIEF

4.    That the court voids any and all deeds of trust, including but not limited to, Alameda County Recorder's Office Instrument Numbers 2006428599, 2005224055, 2006428567, 2006428574, 2005315238, 2005282152, 2005282153, 2005282154, 2005315237, 2005315238, 2005362099, 2005362098, 2005362100, 2005362101, 2005362102, 2005505089, 200609045, 2006227124, and 2006375662, and any other recorded instrument placed on MT. ZION's real property by WELBON and any other party;

5.    The court issues an injunction prohibiting WELBON using MT. ZION SPIRITUAL TEMPLE, INC'S. name, and instruct the Secretary of State to void the names of the 60 plus corporations created by WELBON using MT. ZION SPIRITUAL TEMPLE, INC'S. name;

6.    The purported deeds filed by Welbon for Mt Zion property are null and void and set aside;

7.    That WELBON deliver purported deeds forthwith to the Alameda County clerk of court for cancellation;

8.    That the court determines title to the property located at 760 Calmar Ave. and 1488 14th Street, Oakland, California, and legally described as

LOTS 3 AND 4 IN BLOCK "N", AS SAID LOTS AND BLOCK ARE SHOWN ON THE MAP OF "EAST PIEDMONT HEIGHTS OAKLAND, CALIFORNIA, 1907" FILED MARCH 19, 1907, IN BOOK 22 OF ASSESSOR'S PARCEL
Commonly known as: 760 Calmar Avenue                    APN: 11-868-24

COMMENCING at a point in the northerly line of West 14th Street, distant thereon 149 feet westerly from the point of intersection of said northerly line of said 14th Street with the westerly line of Center Street as said West 14th Street and said Center Street are shown on the map of "Map of Peralta and Center Street Lands," etc., hereinafter referred to; and running thence westerly along said northerly line of said West 14th Street with the easterly line of Peralta Street as said Peralta now exists since the widening thereof by that certain Deed from the Realty Syndicate, a corporation, to City of Oakland, a municipal corporation, dated September 13, 1910, recorded October 10, 1910, in the office of the County Recorder of said County of Alameda, thence northerly along said easterly line of said Peralta Street 25 feet to the point of intersection of said easterly line of said Peralta Street with southeasterly line of Peralta Street as said Peralta Street is shown on the map of "Map of Peralta and Center Street," etc., hereinafter referred to : thence northeasterly along said southeasterly line of said Peralta Street, 78.15 feet to the southerly boundary line of lot 23 in block 581, as said lot 23 and block 5t81 are shown on the map of "Map of Peralta and Center Street Lands," etc., hereinafter referred to; thence easterly along said southerly boundary of said lot 23 and parallel with said northerly line of said West 14th Street 60.57 feet;

-13-
TRIAL BRIEF

thence southerly in a direct line to the point of commencement.
Being portions of Lots 19, 20, 21, and 22 in Block 581, as said lots and block are
shown on the map of "Map of Peralta and Center Street Lands," etc., filed March 3,
1877, in the office of the County Recorder of said County of Alameda.
Commonly known as: 1488 14th Street                                    APN 5-370-7

is held in the name of MT. ZION SPIRITUAL TEMPLE, INC.;

9.      That defendants and each of them have no interest in the properties 760 Calmar Ave. and

1488 14th Street, Oakland, California. adverse to Plaintiff;

10.     For general damages in sum in excess of Two Hundred and Fifty Thousand Dollars

($250,000.00);

11.     For special damages in the sum of in excess of Two Hundred Fifty Thousand Dollars

($250,000.00);

12.     For punitive damages for an amount appropriate to punish defendants and to defer others

from engaging in similar misconduct in a sum not less than $500,000.00;

13.     For attorney fees as may be allowed by statue or under contract;

14.     For cost of suit incurred herein; and

15.     For such other and further relief as the Court may deem proper and necessary.

## WITNESSES

MT. ZION will call the following witnesses in this case.

Bishop Arthur Burnett, Pastor and Chairman of the MT. ZION board
Lillian Roberts, Chairperson of MT. ZION board until February 2005
Doris Porter, Secretary
Mary Rayburn
Steven Bovarnick
Carlos Alvarez

Dated: December 15, 2006

CLINTON KILLIAN, Attorney for Defendant
Cross-Complainants MOUNT ZION SPIRITUAL
TEMPLE, INC. And PRINCESS LILLIAN
ROBERTS

14-
TRIAL BRIEF

thence southerly in a direct line to the point of commencement.
Being portions of Lots 19, 20, 21, and 22 in Block 581, as said lots and block are shown on the map of "Map of Peralta and Center Street Lands," etc., filed March 3, 1877, in the office of the County Recorder of said County of Alameda.
Commonly known as: 1488 14th Street                    APN 5-370-7

is held in the name of MT. ZION SPIRITUAL TEMPLE, INC.;

9.      That defendants and each of them have no interest in the properties 760 Calmar Ave. and 1488 14th Street, Oakland, California, adverse to Plaintiff;

10.      For general damages in sum in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00);

11.      For special damages in the sum of in excess of Two Hundred Fifty Thousand Dollars ($250,000.00);

12      For punitive damages for an amount appropriate to punish defendants and to defer others from engaging in similar misconduct in a sum not less than $500,000.00;

13.      For attorney fees as may be allowed by statue or under contract;

14.      For cost of suit incurred herein; and

15.      For such other and further relief as the Court may deem proper and necessary.

## WITNESSES

MT. ZION will call the following witnesses in this case:

Bishop Arthur Burnett, Pastor and Chairman of the MT. ZION board
Lillian Roberts, Chairperson of MT. ZION board until February 2005
Doris Porter, Secretary
Mary Rayburn
Steven Bovarnick
Carlos Alvarez

Dated:  December 15, 2006

_CLint Kill_

CLINTON KILLIAN, Attorney for Defendant
Cross-Complainants MOUNT ZION SPIRITUAL
TEMPLE, INC. And PRINCESS LILLIAN
ROBERTS

-14-
TRIAL BRIEF

EXHIBIT D



**City of Oakland**          contact the city | home

living   business   visiting   city hall

*Planning & Zoning*
*250 Frank H. Ogawa Plaza*
*Suite 2114*

Planning & Zoning

## OAKLAND PLANNING COMMISSION

### Basic Purpose of the Commission

"To promote the orderly growth and development of the City through studies, decisions on development proposals, policy recommendations to the City Council, and related activities."

City Planning Commission meetings are held twice a month on Wednesdays, usually at 6:00 p.m., (but occasionally earlier if there is a long agenda, at Oakland City Hall, One Frank H. Ogawa Plaza, Hearing Room No. 1, Oakland, CA 94612.

- Planning Commission Calendar 2007

- City Administrative Hearing

- Roster of Planning Commissioners

- Planning Commission Agenda
- Planning Commission Special Meeting October 10, 2007
- Planning Commission Meeting October 17, 2007
- Planning Commission Archive
    - Policies and Procedures Committee Archive

- Zoning Update Committee Agenda
    - Zoning Update Committee Archive
    - Zoning Update Committee Minutes

- Design Review Committee Agenda
    - Design Review Committee Archive

- Residential Appeals Committee Agenda
    - Last Residential Appeals Committee

- Landmarks Preservation Advisory Board Agendas



**City of Oakland**          contact the city | home

living     business     visiting     city hall



*Planning & Zoning*
*250 Frank H. Ogawa Plaza*
*Suite 2114*



Planning & Zoning

---

## Oakland City Planning Commission
## AGENDA

---

Mark McClure, *Chair*
Colland Jang, *Vice Chair*
Nicole Franklin
Clinton Killian
Suzie W. Lee
Doug Boxer
Michael Lighty
Anne Mudge

### AUGUST 3, 2005

**Regular Meeting**

---

**MEAL GATHERING**          **5:00 P.M.**

Off Broadway Cafe & Catering Co., Cafe Deli, 416 15th Street

Open to the public at no charge. (Members of the public must pay for their own meals if desired. Purchase of meal is not required to attend.)

**BUSINESS MEETING**          **6:30 P.M.**

Hearing Room 1, City Hall, One Frank H. Ogawa Plaza

Persons wishing to address the Commission on any item on the agenda, including Open Forum and Director's Report, should fill out a speaker card and give it to the Secretary *prior to the convening of the meeting or prior to 8:30 p.m. for matters scheduled to be heard after 8:30 p.m.* Speakers are generally limited to two minutes at the discretion of the Chair. Applicants and appellants are generally limited to five minutes.

Agenda items will be called at the discretion of the Chair and not necessarily in the order they are listed on the agenda. However, a matter identified as an 8:30 p.m. item shall not be called until 8:30 p.m. or later.



**City of Oakland**          contact the city | home

living    business    visiting    city hall



*Planning & Zoning*

*250 Frank H. Ogawa Plaza*

*Suite 2114*



Planning & Zoning

---

## *Oakland City Planning Commission*
## AGENDA

---

**Colland Jang, Chair**
**Anne Mudge, Vice Chair**
**Mark McClure**
**Nicole Franklin**
**Doug Boxer**
**Suzie W. Lee**
**Michael Lighty**

### September 21, 2005

### Regular Meeting

*MEAL GATHERING*    *5:00 P.M.*

Bruce Beaseley Sculpture Garden at 1570 3rd Street

Open to the public at no charge. (Members of the public must pay for
their own meals if desired. Purchase of meal is not required to attend.)

*BUSINESS MEETING*    *6:30 P.M.*

Hearing Room 1, City Hall, One Frank H. Ogawa Plaza

Persons wishing to address the Commission on any item on the agenda,
including Open Forum and Director's Report, should fill out a speaker
card and give it to the Secretary *prior to the convening of the meeting or
prior to 8:30 p.m. for matters scheduled to be heard after 8:30 p.m.*
Speakers are generally limited to two minutes at the discretion of the
Chair. Applicants and appellants are generally limited to five minutes.

Agenda items will be called at the discretion of the Chair and not
necessarily in the order they are listed on the agenda. However, a matter
identified as an 8:30 p.m. item shall not be called until 8:30 p.m. or later.
The order of items will be determined under "Agenda Discussion" at the
beginning of the meeting. With the exception of Open Forum, a new item
will not be called after **10:15 p.m.**, and the meeting will adjourn no later
than **10:30 p.m.** unless the meeting is extended by the Chair with the

EXHIBIT E

# The Sun-Reporter

★ A NEWS JOURNAL DEDICATED TO THE CAUSE OF THE PEOPLE ★ 60 YEARS OF SERVICE TO THE ENTIRE BAY AREA

(USPS 528-500)

VOLUME 64 · NUMBER 21 · THURSDAY, MAY 24, 2007

30¢

BEST BUY
IN THE WEST



## Court Bars Controversial Preacher From Mt. Zion Spiritual Temple

**By Gail Berkley**

A controversy over who is the successor to the Late King Louis H. Narcisse, who headed the Mt. Zion Spiritual Temple in Oakland, until his death in 1989, has resulted in action in Alameda County Superior Court.

The controversy is over whether or not Eddie Welbon of San Francisco is the duly elected successor to Narcisse. Narcisse, the flamboyant leader of Mt. Zion was known for wearing elaborate robes and a crown and walking on a red carpet when he entered and left the Temple in West Oakland. His favorite expression was "It's nice to be nice."

According to court documents made available to the Sun-Reporter by Oakland Attorney Clinton Killian, who represents Mount Zion Spiritual Temple, Inc., the Estate of Louis H. Narcisse; and Princess Lillian Roberts a judgment was filed February 7 in Alameda County Superior Court restraining Welbon and several other plaintiffs from "using the name of Mt. Zion Spiritual Temple, Inc. in any manner whatsoever, including but not limited to using, representing, holding out or accessing Mt. Zion Spiritual Temple, Inc.'s property, name, bank accounts, likeness or use in any manner whatsoever as part of any legal and or public document."

The court also restrained Welbon from establishing a church or corporation with the name Mt. Zion Spiritual Temple, Inc., and using the name Mt. Zion Spiritual Temple Inc. in any manner whatsoever in and for any purpose on any documents or any letterhead creating any corporation with the name of the Temple or representing

themselves as Mt. Zion Spiritual Temple.

The judgment against Welbon also states that Welbon and others acting with him had no legal authority or right to procure loans on Mt. Zion Spiritual Temple real properties including the home on Calmar Ave. in Oakland where Narcisse lived.

According to Killian, Welbon is in contempt of court because on April 28, Welbon held a "Special Called Business Meeting Convocation and General Election" in an Oakland restaurant during which Welbon was installed as successor to King Narcisse.

Killian said Welbon and those mentioned in papers circulated by Welbon about the meeting, have been served with orders to show cause in Alameda County Superior Court on June 1. On that date Welbon and the others, Killian said, must show why they should not be judged in contempt of court for willfully disobeying the order of the court on February 7.

The court in February found that Welbon was not a member, nor the pastor of Mt. Zion and had not been elected by anyone connected with the church.

Documents circulated by Welbon about the Oakland installation state that Rev. Shad

> ## "He transferred deeds to the church and then to himself. It's the most crudest form of fraud."
> ### -Attorney Clinton Killian

Riddick pastor of San Francisco's Metropolitan Baptist Church was on hand to install Welbon as the head of the Mt. Zion Spiritual Temple. Rev. Riddick said this week that he was not present at the April 28 meeting. "I'm a Baptist," said Riddick. "I'm not into that Spiritual denomination. I've known him for years, but as far as collaborating with him, no. " Riddick said he has known Welbon for 38 years, since Riddick was a young pastor in San Francisco. He said Welbon has tried to get him involved with activities of the San Francisco Branch of the National Association for the Advancement of Colored People (NAACP), but Riddick said with his duties as a pastor and also with another job he has no time for other commitments.

Welbon is currently vice president of the SF NAACP branch. Dr. Amos Brown, president of the S.F. Branch of the NAACP, said the executive committee of the branch set up a committee

last week, "to investigate him (Welbon) and these allegations. We only want to get to the bottom of it," said Brown.

According to Killian, Welbon was never a member of the Mt. Zion Spiritual Temple. "He saw the church had a lot of property and few members," said Killian. "The court has barred him from having anything to do with Mt. Zion. He transferred deeds to the church and then to himself. It's the most crudest form of fraud."

According to Killian, court documents indicate that Welbon was convicted in 1984 of bribing a City of Oakland official and in 2002 was convicted of federal mail fraud and sent to federal prison.

Welbon could not be reached for comment.