IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHBISHOP ROBERT HAND, et al., | No. C-07-2825 MMC |
| Plaintiffs, | **ORDER GRANTING "NAACP" DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT; VACATING NOVEMBER 16, 2007 HEARING** |
| v. | |
| REV. AMOS C. BROWN, et al., | |
| Defendants. | |

Before the Court is the motion to dismiss, filed October 4, 2007, by defendants Rev. Amos Brown, Rev. Joseph Bryant, Peter Cohen, Cathy Cook, Dr. Toye Moses, and Amelia Ashley-Ward (hereafter "NAACP Defendants"),[1] wherein defendants move to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, and the request for judicial notice, filed October 4, 2007, by the NAACP Defendants. On October 30, 2007, an unsigned and untimely opposition was filed,[2] and, on November 1, 2007, the NAACP Defendants filed an objection to the Court's

---

[1] The Court notes that defendant Clinton Killian (hereafter "Killian") has filed a separate motion to dismiss, which motion was taken under submission. In light of the ruling herein, Killian's motion, by separate order filed concurrently herewith, will be denied as moot.

[2] Pursuant to Civil Local Rule 7-3(a), any opposition was to have been filed by October 26, 2007. Additionally, the opposition is not accompanied by a proof of service. See Civ. L.R. 5-6 (requiring certificate of service be provided with each filing).

consideration of the opposition.

Having reviewed the parties' respective submissions, the Court deems the matters appropriate for determination on the moving papers, hereby VACATES the November 16, 2007 hearing, and rules as follows.

At the outset, the Court considers the NAACP Defendants' objections to plaintiffs' opposition. The opposition, as noted, is untimely and is not accompanied by the requisite proof of service; further, the NAACP Defendants state, albeit without evidentiary support, the opposition was never served on them. Consequently, the NAACP Defendants argue, the opposition should be disregarded or, in the alternative, that they be given an opportunity to respond and that the hearing date be continued. See Civil L.R. 5-6 (providing any paper or pleading not accompanied by proof of service "may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service"). In the interests of time and judicial economy, and because the opposition does not affect the Court's conclusion below, the Court denies the objection and will exercise its discretion to consider the opposition.

Plaintiffs assert claims under 42 U.S.C. § 1985(3),[3] for deprivation of rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. (See Compl. ¶ 3.) In particular, plaintiffs allege defendants conspired to publish a May 24, 2007 article in the "Sun-Reporter" newspaper titled "'Court Bars Controversial Preacher From Mt. Zion Spiritual Temple.'" (See id. ¶ 12.) Plaintiffs further allege defendants Amos Brown and Clinton Killian violated plaintiffs' due process and equal protection rights by "singl[ing] plaintiff[4] out for special, arbitrary punitive treatment and summary punishment by

---

[3] Plaintiffs also bring a claim under 42 U.S.C. § 1988, which "authorizes the district court to allow the prevailing party ... a reasonable attorney's fee as part of the costs." See Azizian v. Federated Dept. Stores, Inc., 499 F.3d 950, 957 (9th Cir. 2007) (internal quotation and citation omitted). In light of the ruling herein, the Court does not reach plaintiffs' § 1988 claim.

[4] Although numerous plaintiffs are listed at the outset of the complaint, only five individuals signed "Verifications" attached to the complaint. Additionally, the text of the complaint only identifies one plaintiff ("King Bishop Dr. Eddie C. Welbon," see Compl. ¶ 5.)

2

1  dismissing and discharging plaintiff from his executive position and office within the
2  NAACP." (See id. ¶ 38.)  Plaintiffs also assert state claims of libel, false light invasion of
3  privacy, intentional infliction of emotional distress, negligent infliction of emotional distress,
4  and right of inspection.  (See id. ¶¶ 42-93.)

5  Section 1985(3) provides a private right of action against individuals who "conspire
6  or go in disguise on the highway or on the premises of another, for the purpose of
7  depriving, either directly or indirectly, any person or class of persons of the equal protection
8  of the laws, or of equal privileges and immunities under the laws."  See 42 U.S.C.
9  § 1985(3).  "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to
10  deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the
11  conspiracy and (3) a resulting injury."  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th
12  Cir. 2000).  A § 1985(3) conspiracy claim requires that there be "some racial, or perhaps
13  otherwise class-based, invidiously discriminatory animus behind the conspirators' action."
14  See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Further, a § 1985(3) conspiracy
15  claim brought to redress rights violations of the nature alleged herein must involve state
16  action.  See United Bhd. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott,
17  463 U.S. 825, 831 (1983) (citation omitted) (holding "rights under the equal protection
18  clause itself arise only where there has been involvement of the State or of one acting
19  under the color of its authority" and a § 1985(3) "conspiracy to violate First Amendment
20  rights is not made out without proof of state involvement").

21  Here, taking all the facts set forth in the complaint as true, the Court finds plaintiffs
22  have failed to plead a claim under § 1985(3).  In particular, plaintiffs have not alleged that
23  the actions of any defendant were motivated by racial animus or by reason of plaintiffs'
24  membership in a protected class.[5]  Additionally, plaintiffs fail to allege the purported

---

and, consistent therewith, refers to "plaintiff" in the singular form throughout.

[5] Plaintiff's allegation that his church membership was affected is unavailing.  "[I]t does not suffice for application of § 1985(3) that a protected right be incidentally affected." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 275 (1993).  A conspiracy under

3

1  conspiracy involved state action.  To the extent plaintiffs may be suggesting defendant
2  Killian's role as "former Planning Commissioner of the Town of Oakland" constitutes state
3  action, (see Compl. ¶ 6), plaintiffs fail to allege any action taken by Killian, and upon which
4  plaintiffs' claims are based, was action taken in Killian's capacity as Planning
5  Commissioner, or that any such action otherwise constitutes state action.
6        Accordingly, plaintiffs' complaint against the NAACP Defendants will be dismissed
7  without leave to amend.  See, e.g., Deveraturda v. Globe Aviation Security Services, 454
8  F.3d 1043, 1049-50 (9th Cir. 2006) (holding leave to amend unnecessary where
9  amendment would be futile).  Additionally, because the Court's reasoning as set forth
10 above is equally applicable to plaintiffs' claims against all of the defendants, the complaint
11 against the remaining defendants likewise will be dismissed.  See Silverton v. Department
12 of Treasury, 644 F.2d 1341, 1345 (9th Cir.) (holding district court "may properly on its own
13 motion dismiss an action as to defendants who have not moved to dismiss where such
14 defendants are in a position similar to that of moving defendants or where claims against
15 such defendants are integrally related"), cert. denied, 454 U.S. 895 (1981).
16       Further, as plaintiffs have failed to state a federal claim, the Court declines to
17 exercise supplemental jurisdiction over plaintiffs' state law claims.  See 28 U.S.C.
18 § 1367(c)(3) (providing district court "may decline to exercise supplemental jurisdiction"
19 where "district court has dismissed all claims over which it has original jurisdiction");
20 Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims
21 have dropped out of the lawsuit in its early stages and only state-law claims remain, the
22 federal court should decline the exercise of jurisdiction by dismissing the case without
23 prejudice").  Accordingly, plaintiffs' state law claims will be dismissed without prejudice to
24 plaintiffs' refiling such claims in state court.

## CONCLUSION

26       Accordingly, for the reasons stated above, the NAACP Defendants' motion to

---

28 § 1985(3) must be "for the purpose" of denying a protected right, see id.; it is not sufficient that the conspiracy has an effect on the protected right, see id.

4

dismiss is hereby GRANTED, and plaintiffs' complaint is hereby DISMISSED as to the NAACP Defendants; further, plaintiffs' complaint is hereby DISMISSED as to all remaining defendants. With respect to plaintiffs' state law claims, any such dismissal is without prejudice to plaintiffs' refiling such claims in state court.

**IT IS SO ORDERED.**

Dated: December 10, 2007

MAXINE M. CHESNEY
United States District Judge